**KENNETH KINNARD**
3049 Sacramento St.
San Francisco, Ca 94115
Phone 415 567-9034
kraykinnard@yahoo.com



FILED

APR 26 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

# CV22 02534 SK

KENNETH KINNARD

      Plaintiffs;

    VS.

STEVE NAVARRO IND, RALPH
ROGERS IND, PHIL ROGERS
IND, MARYANN ROGERS IND,
ROGERS TRUCKING S&S
TRUCKING, KRYSTAL TRUCKING
THE JOINT ASSOCIATION OF
ROGERS TRUCKING AND S&S
TRUCKING, THE S.F. BAY
AREA LOCAL TRUCKERS CO-OP
hereinafter
(THE S.F. CO-OP) LAVAUGHAN
MOORE IND & SECRETARY OF
S.F. CO-OP, ACE WASHINGTON
IND & PUBLICITY AGENT FOR
S.F.CO-OP JIMMIE POTTS IND
AND MEMBER CO-OP, THE
JOINT ASSOCIATION OF S&S
AND ROGERS TRUCKING AS
S.F.CO-OP PEAK ENGINEERING
THE S.F. BAY AREA LOCAL
TRUCKERS CO-OP, EDWIN
WILSON IND, ALISON DANIELS
IND, BENJAMIN LUSK A
DISBARRED ATTORNEY

**INDEPENDENT
ACTION IN EQUITY
TO VACATE JUDGMENT
1.FOR EXTRINSIC
FRAUD ON THE COURT
BY OFFICERS OF THE
COURT
HAZEL ATLAS ACTION
FABRICATING AND
FILING FALSE
DOCUMENTS
STATE COURT CASE
#98-994396
DIRECTLY INTO THE
COURT FED C994565**

**1.MISREPRESENTATION BY
ATTORNEYS TO THE COURT
2.CONCEALMENT/PREVENT
PARTY FROM APPEARING
5.CONSPIRACY 6.AIDING
ABETTING 7.COLLUSION
8.OBSTRUCTION JUSTICE
9.14TH AMENDMENT VIO:
42 USC1983 ATTACHMENT
OF AMENDED COMPLAINT
AS THOUGH FULLY SET FORTH**

(WORKING OUT OF THE
OFFICES OF DEFENDANT FRANK
DEBENEDETTO) FRANK
DEBENEDETTO(DETTO),IND.
MICHELLE KOSKELLA,IND
WILLIAM HOLSINGER,IND
ALISON DANIELS,IND CLAUDIA
BRISSON,IND  JOHN
BOONE,IND LARRY MANN,IND
JOYCE ANN BOONE,IND  RALPH
ROGERS,IND PHIL ROGERS,IND
MARYANN ROGERS,IND KRYSTAL
TRUCKING RALPH ROGERS DBA
ROGERS TRUCKING, PHIL
ROGERS, STEVE NAVARRO,
FRANK SANCHEZ IND, SNSANDS
CORPORATION DBA S&S
TRUCKING NADINE SHELLY,
PEAK ENGINEERING THE SAN
FRANCISCO BAY AREA LOCAL
TRUCKERS CO-OP, RALPH
ROGERS MEMBER OF, S.F. BAY
AREA TRUCKERS CO-OP,
MEMBERS, RALPH ROGERS,
PAUL ELIZONDO ATTORNEY FOR
CO-OP,  AL CURRY,MEMBER SF
BAY AREA TRUCKERS CO-OP
JERROLD TAYLOR,SF BAY AREA
TRUCKERS CO-OP, PAUL
ELIZONDO IND  ACE
WASHINGTON,PUBLIC RELATION
LOCAL TRUCKERS CO-OP,
LAVAUGHAN MOORE SECRETARY
CO-OP, THE JOINT
ASSOCIATION S&S&ROGERS
COMPANIES, S&S TRUCKING,
S.F. BAY AREA TRUCKERS
CO-OP, AL CURRY IND AND
MEMBER S.F. BAY AREA LOCAL
TRUCKERS CO-OP, GERALD
TAYLOR IND MEMBER S.F. BAY
AREA LOCAL, JOE POWELL,
TRUCKERS CO-OP,  MARGARET
STROOT, JOAN HALL,HELEN
MOHR, CHUCK HAUPTMAN
SCOTT SUGARMAN  DOES 1-100
                Defendants:

<u>O U T L I N E</u>

Parties...............................................................................3-7

JURIDSICTION.......................................................................8

 Plaintiff met with

Co-conspirators whistleblowers.................................................14

Outline   for  HAZEL  ATLAS..........................................14, 22,24, 26,35,

Plaintiff entitled to relief ...........................................................33

State court action ...............................................................12,18, 24,

Federal court action ...............................................................46,68

Defendants  LUSK, DEBENEDETTO,BRISSON..............................47

<u>FIRST CAUSE OF ACTION</u>

Attorney EXTINSIC FRAUD ON COURT.........................................63

<u>SECOND CAUSE OF ACTION</u>

Concealment, misrepresentation, obstruction justice

42 USC 1985 .........................................................................70

<u>THIRD CAUSE OF ACTION</u>

42 USC 1983, 14th AMENDMENT VIO.......................................72

<u>4TH  CAUSE OF ACTION</u>

Aiding & abetting defendant Rogers/S&S...................................73

Transcript  attack on mandate   4/27/99...........................attached

PRAYER..........................................................................77,78

<u>STATE COURT FABRICATED COMPLAINT</u>

 FABRICATED COMPLAINT  LAVAUGHAN MOORE  WAS A CO-OP MEMBER

AND CO-CONSPIRATOR    * 994396

IDENTICAL TO PK COMPLAINT  984153 NON CO-OP LEGITIMATE COMPLAINT

Superior court calendar  September  3, 1998..........................attached exhibit

Declaration served on defendants...............................................attached  exhibit

Lavaughan Moore Substitution (ALTERED) of attorney and support

Declaration Ace Washington, Jimmie Potts, Mario Rogers     attached exhibit

District Court Order  May o8, 2002                             attached exhibit

PK "seeks same relief as in prior motion "...............................attached exhibit

BOARD OF SUPERVISORS RESOLUTION to sue DEFANDANT  ROGERS, DBL O

District Court Order Plaintiff  proposed amend  "same relief prior motion"

Draft  Amended complaint ...........................................................attached exhibit

<u>1 attached Layout</u>

PLAINTIFF complaints against defendants as follows:

THE PARTIES

1. **PLAINTIFF** Kenneth R. Kinnard is owner of P&K

trucking. P&K Trucking (PK) was a business

started in Texas by my Grandfather, Great Uncles

and Father

in the 1930's. P&K at all times relevant herein

was qualified for opportunities opened to

minority businesses as set forth in this

complaint.

2. **DEFENDANTS** <u>The San Francisco Bay Area Local</u>

<u>Truckers CO-OP</u> hereinafter the (CO-OP)( LIC

#181799, <u>The Official News Paper for the Bay</u>

<u>Area Truckers and Contractors</u> LIC #175450

<u>Paul Elizondo</u> Attorney for the (CO-OP)

<u>Al Curry</u> puller of Rogers equipment and member

of the (CO-OP) member of Double O, a partnership

with Rogers previously ruled a conduit by the

HRC <u>Jerrold Taylor</u> former PULLER for ROGERS

equipment  member of (CO-OP)contractor HERRICK

 steel Haul.

 Ace Washington Bay Area Local Truckers and

 Contractors: and member of the (CO-OP)

 co-conspirator and whistleblower

 Alex Humphrey, Photographer for the (CO-OP)

 co-conspirator and whistleblower

 LaVaughan Moore, Secretary for the (CO-OP)and

 co-conspirator and whistleblower.

 Ralph Esquivel  member of the (CO-OP)

 Steve Navarro, former puller OF Rogers

 equipment, President of the (CO-OP) and owner of

 S&S Trucking.

 S&S Trucking would allow the ineligible ROGERS

 to dispatch his trucks on minority job. S&S

 would illegally place revenue on his S&S books

 for minority credit in violation of DBE law.

  The Joint Association of S&S and Rogers

 Trucking  (Joint Assoc)controlled the CO-OP

complaints were filed with the HRC Feb 1998

against this bogus entity entity failed to

respond-threatened CO-OP members whistleblowers

with a lawsuit-lawsuit filed by S&S Agents MPV

Law firm Ralph Rogers and Phil Rogers and

Maryann Rogers

owners of Rogers Trucking and Krystal Trucking

Claudia Brisson attorney for Al Cain. Note Al

Cain was not allowed to join the (CO-OP)

John Boone and Larry Mann Attorney for plaintiff

and illegally became a plaintiff for defendant

CO-OP member LaVaughan Moore:

In this action defendant BOONE/MANN conspired

and colluded with defendants attorney CONNIVED

to defeat plaintiffs' claims  and also aided

and abetted defendant Joint Association of S&S

and Rogers in continuing to earn revenue from

Federal Agencies and in boycotting injuring

plaintiff PK. and DEFRAUDING THE COURTS

Obstructing Justice/keepin co-conspirators

whistleblowers away from the Courts wherein

plaintiff would have won his case.  And

retaliating against co-conspirators

whistleblowers

<u>Joyce Ann Boone,</u> Legal Sect for Defendant John

Boone

<u>William Holsinger and Michelle Koskella</u>

Attorneys for Steve Navarro, S&S Trucking and SN

Sand Corp conspired and colluded with defendant

attorney's aided and abetted the (Joint Assoc).

<u>Edwin Wilson and Alison Daniels</u> Attorney for

Steve Navarro, S&S Trucking, <u>Frank Sanchez S&S</u>

<u>Trucking, Nadine Shelly Peak Engineering,</u>

<u>SNSands, Ralph Rogers, Phil Rogers Maryann</u>

<u>Rogers Rogers Trucking</u> and <u>Krystal Trucking</u> and

<u>Defendants Wilson/Daniels</u>

<u>were attorney's</u>  also for the SAN FRANCISCO

HOUSING AUTHORITY:

1

2

3    <u>Gary Timothy Lee and Ben Lusk</u>

4

5    <u>Ben Lusk  DISBARRD</u> attorney for the (CO-OP) and

6    plaintiff- LUSK'S whose  DISBARMENT was UNKNOWN

7    TO PLAINTIFF

8

9    AND (CO-OP) co-conspirators/whistleblowers)

10   <u>Frank Debenedetto working with Ben Lusk</u> attorney

11
     for the (CO-OP) Lavaughan Moore and plaintiff.
12
13   Debenedetto <u>knew</u> of Lusk's disbarment but joined

14
     him to signed all documents, committed MAIL
15
16   FRAUD conspired with defendants sent an illegal

17   substitution of attorney form through the U.S.

18
     MAIL.
19
20   <u>Scott Sugarman</u> attorney placed on plaintiff

21   docket

22
     DOES 1 through 100 are other entities
23
24   participated in the wrongs alleged herein whose

25
     names or participation plaintiff do not currently
26
27   know sufficiently well to plead them at this time.

28

1
2
3
## JURISDICTION
4
5    District Courts have equitable powers.Plaintiff
6
7    request this Court invoke it's Equitable
8    Jurisdiction  and Principles, 28 U.S.C 1331,
9    Obstruction of Justice 42 USC 1983 and 1985,
10
11   Keeping a party and witnesses AWAY FROM THE COURT
12    Violation of the U.S. THE FOURTEENTH AMENDMENT
13   Racketeering Influenced and Corruption Act 18 USC
14
15   Section 1962, Cartwright Act civil rights vio.
16
17
18   1. Plaintiff Kenneth Kinnard P&K Trucking brings
19   this HAZEL ATLAS Independent 60b Action in Equity to
20   OVERTURN JUDGMENTS in FEDERAL and STATE COURT as a
21   result of Attorney EXTRINSIC FRAUD and conspiracy
22
23   perpetrated directly on the Courts by Officers of
24   the Court. Defendants cannot be prejudiced due to
25   their fraud on the Court. Defendants joined forces
26
27
28

1

2

3

4
and concerted their fraud preventing plaintiff from

5
presenting his case to the court and PREVENTING A

6
PARTY Defendant LaVaughan Moore from appearing and

7
PREVENTING co-conspirators/whistleblowers with

8

9
firsthand direct evidence against Defendant Steve

10
Navarro S&S Trucking Ralph Rogers Rogers Trucking

11
The Joint Association of S&S Trucking and Rogers

12

13
Trucking and the CO-OP from PRESENTING THE EVIDENCE

14
to the COURT wherein plaintiff would PREVAIL.

15

16
    2. Defendant attorneys JOINED FORCES and formed a

17
conspiracy in 1997 and thereafter gained the

18
confidence of plaintiffs that deceived victims  into

19

20
granting authority to defendants attorneys' to make

21
filings with the Court in their name and then

22
sabotage the filings. Defendant Attorneys' had no

23

24
intention allowing MATERIAL facts to come to the

25
COURTS attention and settle plaintiffs case.

26

27
    .

28

3.   As early as 1998 Defendant BOONE/MANN violated BAR and Court rules by filing a complaint in the name of co-conspirator LaVaughan Moore (MOORE) to deceive the Court and prevent the COURT from obtaining the DIRECT FIRSTHAND INCONTROVERTIBLE evidence that would have brought relief to plaintiff and the whistleblower victims who were victims of retaliation.

4.Defendant attorneys would repeatedly violate Court Orders, for amendments, refused to do discovery, failed to join a <u>necessary party</u> (ROGERS TRUCKING) and CO-OP members. MISREPRESENTED their claims to the COURT. When plaintiff would fire the fraudulent attorney it would be too late(even though plaintiff tried to change the MISREPRESENTED FRAUDULENT FILING)

<u>note:</u> All during the proceedings defendants were

able to fraudulently SHIELD defendant MONOPOLY the

Joint Association of S&S Trucking and Rogers

Trucking mentioned herein from the jurisdiction of

the Court thus keeping the BOYCOTT, THREATS and

OPPRESSION operating to terrorize and demoralized

Plaintiff and  threaten co-conspirators who became

whistleblowers.

5. <u>THE JOINT ASSOCIATION WAS NOT CERTIFIED</u> TO WORK

ON THE BART TO SAN FRANCISCO AIRPORT AND CONTINUED

TO FILE FALSE CLAIMS for PAYMENT with the DOT on

the 26 million.

5.  Defendant attorney conspiracy would deceive

plaintiff  take advantage of your weakness and claim

to represent you then time their fraud with the

Court schedule deadlines in a way to DECEIVE and

prevent plaintiffs from ever having an opportunity

to reverse the fraud so as to fully present their meritorious cases to the Court.

## STATE COURT 97-984153

6. In December 1996 After discovery of the CO-OP conspiracy PK visited the offices of defendant LARRY MANN with documents and evidence and a plea for help as PK partner DWIGHT KINNARD health was failing (Dwight died in November 1998) and our trucks were parked on the streets and we had no money.   note: Defendants BOONE and MANN filed a complaint titled "interference      with      prospective      economic relationship"

7. When PLAINTIFF filed suit in Jan 1997. My late Brother DWIGHT KINNARD who was an amputee was trying to get his affairs in order and SAVE THE COMPANY

trusted and believed in JOHN  BOONE (BOONE) who was
also handicapped wheelchair bound DWIGHT thought he
had a PROMISE of HONESTY . Defendant attorneys JOHN
 BOONE (an ANTITRUST EXPERT)and DEFENDANT LARRY MANN
 actions to take advantage of that trust was
 UNCONSCIONABLE. They failed to comply with judges
 orders, failed to do discovery, refused to attend
settlement conference on April 5, 1999 CONNIVED for
 the defeat of plaintiffs claims.

    8. Defendant BOONE AND MANN also Failed to
notify the Court of WHISTLEBLOWERS Ace Washington,
LaVaughan Moore and Jimmie Potts who came to their
office just before the settlement conference and
admitted their part in the BOYCOTT of plaintiffs
business and that they had notified fellow CO-OP
members that they would not take part in defendant
ROGERS AND NAVARRO'S SCHEME to MANIPULATE and
defraud THE STATE AND FEDERAL COURTS.

    9. The SCHEME included ROGERS AND NAVARRO DENYING
ANY KNOWLEDGE OF THE CO-OP.

  KEVIN LAWSON a CO-OP member FALSELY CLAIMED he was
the actual PRESIDENT OF THE CO-OP and was always the
PRESIDENT.

  See: CO-OP member JERROLD TAYLOR DEPOSITION JUNE

June 23, 1999

PAGES 34 LN 24,PAGE 35 LN 1-10

10. Defrauding the SUPERIOR COURT in PLAINTIFFS CASE by filing a   STATE COURT complaint in CO-OP member DEFENDANT LAVAUGHAN MOORE'S name in March 1998 claiming in the complaint that CO-OP DEFENDANT MOORE had the same identical injuries as PLAINTIFF PK TRUCKING who was not a member of the CO-OP and was the company being boycotted.

11.   After CO-OP minority members admitted their part in the conspiracy to destroy plaintiff's company (P&K TRUCKING) (PK), non minority member and organizers of the   CO-OP Defendant Ralph Rogers and Defendant Steve Navarro hired attorneys to devise a SCHEME to escape their liability by preventing plaintiffs claims  from ever being adjudicated. By orchestrating a scheme to MISLEAD AND DEFRAUD THE COURTS.

## PLAINTIFFS CASE WAS NEVER FULLY PRESENTED TO THE COURTS.

## PLAINTIFF HAS MET WITH CO-CONSPIRATORS

DEFENDANT CO-CONSPIRATORS LAVAUGHAN MOORE (MOORE) AND ACE WASHINGTON (ACE) HAVE REQUESTED AND HAVE MET WITH PLAINTIFF <u>JANUARY-MARCH 2022</u> <u>TO SYMPATHIZE AND DECLARED PLAINTIFF AN ABSOLUTELY INNOCENT VICTIM OF A SCHEME BY THE CO-OP TO DRIVE PLAINTIFF AND OTHER AFRICAN AMERICANS OUT OF THE TRUCKING INDUSTRY IN SAN FRANCISCO AND TO HIRE ATTORNEYS TO DEFILE THE COURT AND CONCEAL FROM THE COURTS THE CONSPIRACY THROUGH FRAUD AND PREVENTING THOSE INJURED FROM PRESENTING THEIR CASES TO THE COURT BY FALSIFYING CO-OP MEMBER CLAIMS WITH THE LEGITIMATE CLAIMS OF INJURY BY P&K TRUCKING TO KEEP LAVAUGHAN MOORE AND CO-OP AWAY FROM THE COURT.</u>

<u>They went on to say:</u>

<u>WE COME FORWARD TO ADMIT OUR PART IN THE SCHEME AND ASK THE COURT TO HAVE THE LEADERS OF THE CONSPIRACY TO COME FORWARD AND TAKE RESPONSIBILITY AND BE HELD ACCOUNTABLE AND TO REVEAL THE LAWYERS PART IN DEFRAUD AND INTERFERING WITH THE COURTS FROM OPERATING PROPERLY TO ADJUDICATE THIS HORRIFIC INJUSTICE.</u>

## UNUSUAL AND EXTRORDINARY CIRCUMSTANCES

12.  It would be UNCONSCIONABLE and a MANIFEST INJUSTICE

and a GRAVE MISCARRIAGE of JUSTICE to have judgments remain in effect against PK TRUCKING who were the victims of this COURT FRAUD SCHEME and CONSPIRACY.

13.  The WHISTLEBLOWERS told me of the meetings 2 Saturdays a month at DEFENDANT JERROLD TAYLOR offices. The scheme to BOYCOTT PLAINTIFFS COMPANY and a SECRECY CLAUSE in the CO-OP.

14.   They told me about the SAN FRANCISCO LOCAL TRUCKERS CO-OP (CO-OP)and their role as members of the CO-OP CONSPIRACY lead by Defendants CO-OP member defendant RALPH ROGERS and STEVE NAVARRO to carry out a GROUP BOYCOTT of PLAINTIFFS COMPANY PK TRUCKING and the campaign to destroy PK and their plan to get away with it by DEFRAUDING THE COURTS.

15. Plaintiff is the oldest Black trucking firm in San Francisco. Plaintiffs Grandfather, Great Uncles and Father started the company in Texas and relocated to San Francisco in the mid 1940's.

16. Plaintiff began working with the Family in 1951 and later took over the business in the mid 1960's after the retirement of my Great Uncles and the passing of the 1964 Civil Rights Act.

17. In the mid 1960's Plaintiff and other minority truckers would apply for work with CCSF Agencies and SF Housing Authority under WACO's agreement with HUD to help implement new regulations and EXECUTIVE ORDERS of Honorable President Richard Nixon estasblishing Affirmative Action Officers to monitor contracts.

THE CAMPAIGN TO DESTROY P&K TRUCKING BY

18. Included Ace Washington hiring a photographer defendant Alex Humphrey to take pictures of PK trucks being working on a Lerer Brothers equipment shop.

19. writing letters to plaintiff insurance company with photographs and FALSE information that plaintiffs equipment was dangerous on the road causing PK insurance cancellation. Writing the PUC causing PK regulatory problems.

20. Defendants ROGERS and PULLER S&S by having the MARKET SHARE OF THE WORK IN SAN FRANCISCO was able to effectuate a GROUP BOYCOTT of plaintiffs company. LaVaughan Moore Secretary to the CO-OP was at the meetings from 1993 to 1998 wherein Steve Navarro President of the CO-OP ordered the BOYCOTT of P&k Trucking which was devastatingly effective <u>causing the destruction of P&K Trucking.</u>

## <u>PK FILES SUIT AGAINST S&S AND THE CO-OP</u>

## <u>STATE COURT 97-984153</u>

21. In December 1996 After discovery of the CO-OP conspiracy PK visited the offices of defendant LARRY MANN with defendants anonymous letters and documents, evidence and a plea for help as PK partner DWIGHT KINNARD health (was told he had about

a year to live) was failing and our remaining trucks were on the street under threat of towing.

22. Dwight my BROTHER and partner in PK (who died in November 1998) would anger his wife by getting up from his hospital bed at the VETERANS HOSPITAL at 48th avenue S.F., to go to DEFENDANT BOONE'S AND MANN'S office to 2 Embarcadero to check on progress of the PK claim. On one occasion DWIGHT fell ill and EMERGENCY FIRE ENGINE UNITS had to come to DEFENDANT MANN'S Fell Street Office to revive him.

note: The stress from the oppression and boycott caused DWIGHTS' uncontrollable blood sugar and pressure to soar and his general being was extreme NERVOUSNESS he JUST couldn't make it.

23. He trusted DEFENDANT BOONE AND DEFENDANT MANN. As DEFENDANT BOONE was wheelchair bound DWIGHT who had become bound to a wheelchair due to amputation

of his leg believed in DEFENDANT BOONE. Dwight believed he had a promise from DEFENDANT BOONE and felt defendant BOONE felt some empathy from the DEFENDANT BOONE.

NOTE: When defendant MANN introduced plaintiffs to defendant BOONE we had no idea they were having trouble we were told by MANN that BOONE was a big time lawyer.

soon though his wife and legal secretary began to object to everything def JOYCE BOONE equated fairness to plaintiffs to her husbands BOONE'S and their prosperity-even though under BAR professional rules of conduct were the clients and the loyalty dedication and RECOVERY was to go to plaintiffs'. defendant JOYCE BOONE made it a very dark place, cussing plaintiff out if plaintiff enquired about the case and never offering CONDOLENCES for DWIGHT death Nov 18, 199 or sympathy for plaintiff Mothers illness when trucks were towed we pleaded for get

an injunction for the BOYCOTT help-NO RESPONSE VIOLATED RULES PROFESSIONAL CONDUCT never appearing at hearings, violating court orders never INFORMED US OF HEARINGS or ENTERING INTO AGREEMENTS with DEFENDANTS: keeping WHISTLEBLOWERS away from the COURTS the BOONE defendants began traveling all over the country to the MERCHANDISE MART CHICAGO AND BUYING HOUSES IN PALM SPRINGS AND OAKLEY

. 24. DWIGHT was suffering with a constant burning pain in his body had no appetite. DWIGHT wanted to make sure the FAMILY was OK. He wanted an INJUNCTION against the CO-OP to end the BOYCOTT and save our company.

25. We were also suffering from the additional weight of the fact that our beloved MOTHER was suffering from cancer and was worried about the company. (our beloved MOTHER would die in November 2002) Dwight believed he had a PROMISE from DEFENDANT BOONE and felt DEFENDANT BOONE also had

some empathy for us. But defendant BOONE and MANN connived for our defeat.

<u>DEFENDANTS BOONE AND MANN ACTIONS WERE UNCONSCIONABLE THEY DEFILED THE COURT AND BETRAYED PLAINTIFFS DENIED PLAINTIFFS RELIEF AND CONNIVED WITH DEFENDANTS TO DEFEAT OUR CLAIMS COMMITTED ADDITIONAL FRAUDULENT ACTS TO CONFUSE PLAINTIFFS AND FURTHER THE ILLEGAL SCHEME THAT LED TO PLAINTIFF'S DESTRUCTION PREVENTED LAVAUGHAN MOORE AS A WHISTLE-BLOWER FROM APPEARING BEFORE THE COURT PROPERLY CAPACITY BECAUSE MOORE HAD EVIDENCE ADMISSIBLE FIRST HAND EVIDENCE THAT WOULD CONDEMN DEFENDANT S&S,ROGERS,THE CO-OP AND JOINT ASSOCIATION S&S AND ROGERS TRUCKING COMPANIES IN JOINT ASSOCIATION</u>

AS IN HAZEL ATLAS

Here DEFENDANTS used

FABRICATED DOCUMENTS in the <u>State Court </u>Action

A Complaint in the name of defendant LaVaughan

Moore and consolidated the FABRICATED complaint

with plaintiffs. Plaintiffs lawyer

ILLEGALLY became a lawyer for the DEFENDANT

To Prevent MOORES testimony from the Court.
In the <u>FEDERAL COURT</u> action Defendant Attorneys
used a <u>DISBARRED ATTORNEY BEN LUSK</u> (a friend of
defendant EDWIN WILSON)who was working with and out
of defendant FRANK DEBENEDETTO  office to
defraud the court and plaintiff.

STATE COURT CASE  97-984153

FEDERAL COURT CASE C-99-4565MMC

26. As in HAZEL ATLAS, The FRAUD ON THE COURT did
not involve just a <u>single litigant.</u> The fraud
involved the defrauding of the City County San
Francisco Minority Business Program and the federal
agencies i.e. The Department of Transportation was
also FRAUD on the BART S.F. AIRPORT PROJECT (
Defendant CO-OP SOLD RIGHTS TO STEEL HAULING
Federally financed project) AND other Federal
Agencies.

27. And a RACIAL MOTIVE by driving Plaintiff and
all of the African American Trucking businesses who
opposed defendants CO-OP out of business and by

substituting plaintiff and other black and minority truckers on the BART to SFO project and other DBE projects for Defendants who were ineligible for participation in the program.

## FABRICATED DOCUMENTS

## IN STATE COURT ACTION

28. DEFENDANTS ATTORNEY BOONE, MANN, HOLSINGER, KOSKELLA NAVARRO, ROGERS AND MOORE CONSPIRED TO CONVERT A NAMED CO-OP MEMBER LAVAUGHAN MOORE NAMED ORIGINALLY AS A DEFENDANT INTO A PLAINTIFF THEN CONSOLIDATE PLAINTIFFS CASE 97-984153 WITH THE FABRICATED CASE in March 1998 CASE #98-994396 TO SEND PLAINTIFF'S 2 YEAR OLD CASE THAT THE MANDATE HAD JUST COME DOWN FROM THE APPEALS COURT
BACK INTO LAW AND MOTION TO PREJUDICE PLAINTIFF CASE AND TO DEFEAT PLAINTIFFS CLAIMS.

29. Defendant stated that the cases are consolidated for all pretrial matters-then proceeded to amend MOORE'S 994396 <u>fraudulent</u> complaint (MOORE HAD REQUESTED IT <u>NOT</u> BE AMENDED AND SIGNED A SUBSTITUTION OF ATTORNEY FORM 1/21/99) with contradictory allegations of governmental

involvement triggering the Noer Pennington defense that was never a part of my case.

30. <u>AS IN HAZEL ATLAS GLASS - FABRICATED DOCUMENTS WERE THE MOORE COMPLAINT 994396 WAS USED BY DEFENDANT BOONE/MANN/HOLSINGER/KOSKELLA/WILSON & DANIELS</u>

31. Defendants BOONE/MANNFiled with the State Court Case 98-994396 was filed. Those documents were fraudulently (Amended-Altered) several times by Attorney Defendants to keep plaintiffs claims fraudulently consolidated with the fraudulent complaint 98-994396 and caused plaintiffs claims to never have a chance to be adjudicated.

note: altered by adding governmental involvement to when the CO-OP was a SHAM according to whistleblowers co-conspirators DEFENDANTS ATTORNEYS were obstructing justice keeping co-conspirator testimony from the Courts where plaintiff would have prevailed.

<u>PREJUDICE</u>

32. More than a MATERIAL MISREPRESENTATION Plaintiff case was forever PREJUDICED and the Impartiality of the Court was totally disrupted.

Opportunity for fully presenting his case was lost.

33. Even after LAVAUGHAN MOORE became suspicious at BOONE/MANN not showing up at the Courts September 3, 1998 on the BOGUS COMPLAINT. She began to realize the fraud on 1/21/99 and demanded defendants attorneys BOONE/MANN drop her case.

34. LAVAUGHAN MOORE also served a 1/21/99 declaration on DEFENDANTS BOONE/MANN and Defendants STEVE NAVARRO attorney Defendant HOLSINGER and KOSKELLA demanding no more amendments or activity on the complaint. MOORE wanted the complaint dropped in favor of new counsel and to go to FEDERAL COURT.

35. MOORE signed a substitution of attorney form 1/21/99. That Defendants BOONE FRAUDULENTLY ALTERED by signing his(BOONE)name in the space reserved for the client(MOORE). MOORE was directed to sign her name in the slot reserved for attorney BOONE.

CHRONOLOGY LEADING UP TO REQUEST FOR LEGAL HELP BY CO-OP MEMBERS.

36. Feb 1998 C O-OP member local truckers REBEL against DEF ROGERS and NAVARRO and the JOINT ASSOCIATION OF S&S Trucking and Rogers Trucking: File complaint with Kathy Perry & Kevin Williams of

the Monitoring Agency THE SF Human Rights Commission (HRC)

Charge them with MONOPOLY

   37. Feb 1998 Local Truckers demanded work on BART SFO contract in accordance with compliance with HRC regulations and SF Airports LOCAL TRUCKER FIRST POLICY

   note: Dec 16, 1997 SF Airport Commission Director John Martin AIRPORT COMMISSION RESOLUTION 97-0335

           (SF TRUCKERS FIRST POLICY)

           May 20, 1998 Mayor Willie Brown letter

           that all trucking went to one minority 9-10

             million was for LOCAL TRUCKERS:

   38. Feb 1998 S&S is a firm not certified to do the work but defies agency along with ROGERS and continues to FUNNEL ROGERS A NON MINORITY COMPANY trucks through S&S dispatch on SF Airport job. CO-OP member Jerrold Taylor and CO-OP President Steve Navarro a member of the Joint Association of S&S Trucking sell the hauling rights for 1500 loads of steel for the Airport for $238 unbeknownst to the qualified LOCAL TRUCKERS FIRST CO-OP members.in VIOLATION of DOT DBE law.

1

2
   <u>39. Feb 1998</u> ROGERS & NAVARRO send threatening
3
   letter to the local truckers who filed complaint
4

5
6   40. <u>March June 1998</u> Kevin Williams HRC verifies
7   complaint and sends referral to Federal Trade
8   Commission ALSO warns ROGERS and STEVE NAVARRO
9   against RETALIATION
10      41.   <u>March/April 1998</u> LaVaughan Moore visits
11  Defendant John Boone/MANN law offices complains
12  about MONOPOLY specifically SF Airport Local
13  Truckers FIRST Policy the retaliation/defamation by
14  CO-OP President against her firm Double B&L
15  Trucking.
16
17      42. <u>April 16, 1998 </u> LaVaughan Moore State Court
18  complaint is filed by defendant BOONE/MANN against
19  S&S
20  note: complaint is FABRICATED makes CONCEALS from
21        the COURT LaVaughan Moores WHISTLEBLOWER co-
22         conspirator direct claims against ROGERS and
23         NAVARRO, the $220k owed to her, the defamation
24        and the SFO Airport work bid in CO-OP name.
25

26
27      43, Defendant BOONE/MANN filed MOORE complaint
28  making FRAUDULENT REPRESENTATIONS to the COURT that

MOORE is the VICTIM of a GROUP BOYCOTT IDENTICAL to the PK complaint which was currently in the COURT OF APPEALS: the BOGUS complaint falsely alleged that MOORE a CO-OP member who participated in the BOYCOTT of PK NOW suffers losses of work from the same jobs the CO-OP boycotted PK on. WHICH WAS FALSE

 September 3, 1998 Judge Williamson Jr. overrules S&S demurrer and gives S&S 30 days to answer


44. Defendants BOONE/MANN don't show up in court: Defendants ATTORNEY then allow the FABRICATED COMPLAINT to lie in LIMBO until plaintiff PK complaint came down from the appeals court and set for SETTLEMENT CONFERENCE 4/6/99 and TRIAL. Defendants then attach consolidate the FABRICATED COMPLAINT to PLAINTIFFS legitimate complaint.

45. The filing of the BOGUS COMPLAINT was part of a SCHEME and CONSPIRACY by defendants BOONE/MANN, HOLSINGER AND KOSKELLA to confuse and keep co-conspirator/WHISTLEBLOWERS delayed and blocked from presenting the DIRECT TESTIMONY to the COURT in my case implicating the S&S and ROGERS defendants.

46. That same FRAUDULENT COMPLAINT was intentionally held back in LIMBO and would soon be REVIVED as part of the SCHEME after Defendants EDWIN

WILSON and Defendant ALISON DANIELS substituted in on February 26, 1999 and the complaint was FRAUDULENTLY CONSOLIDATED with the FRAUDULENT COMPLAINT 994396.

note: plaintiff would never have agreed to consolidate his case with defendant MOORE case 994396 and forfeit the settlement conference and trial when we were broke FAMILY was ILL.

47. THE next step in DEFENDANTS FRAUDULENT SCHEME was to challenge the legitimacy or overturn the MANDATE ordering the Court to give me a chance to prove my claim.

48. Stop the scheduled SETTLEMENT CONFERENCE and push the SCHEDULED TRIAL of plaintiffs complaint as far out as possible. This FRAUD ON THE COURT denied plaintiff a chance for relief.

49. November 1998 March 1999 co-conspirators (whistleblowers) Ace Washington, Alex Humphrey, Jimmie Potts, Lavaughan Moore and Joe Powell visit the offices of John Boone and Larry Mann and Implicate Steve Navarro S&S Trucking Ralph Rogers Rogers Trucking, the Joint Association of S&S and Rogers Trucking and the CO-OP.

50. They (the co-conspirators/whistleblowers presented to BOONE/MANN DIRECT FIRSTHAND

INCRIMINATING   TESTIMONY   against   the   defendants. Meetings   wherein   they   planned   the   boycott   of Plaintiff   PK   trucking   on   the   jobs   listed   in   the   PK complaint.   The   riding   around   in   the   car   surveying plaintiff   yard   and   spotting   plaintiff   trucks   being worked   on   at   Lerer   Bros   in   San   Francisco.

51.   The   DEFENDANT   STEVE   NAVARRO   requesting   Ace Washington   publicist   for   the   CO-OP   to   find   a photographer   and   get   pictures   so   we   can   send   them into   plaintiff   PK   insurance,   the   PUC   and   Highway Patrol.

Ace   Washington   hired   photographer   Alex   Humphrey   to take   the   pictures   of   trucks   at   Lerer   Brothers   having engine   replaced.

52.   As   pled   in   Plaintiff   lawsuit   these   pictures were   sent   to   plaintiffs   Wilshire   Insurance,   State Highway   Patrol   and   the   PUC.

53.   NOVEMBER   1998   TO   FEBRUARY   1999

After   reading   about   the   death   of   my   beloved   brother and   PK   partner   Dwight   Kinnard   in   the   Chronicle   and Sun   Reporter   newspapers   Ace   Washington   and   other co-conspirators   defendants   became   whistleblowers.

BOONE/MANN        DEFRAUDED        AND        tricked        the co-conspirators/whistleblowers        from   revealing   all the   information   necessary   to   IMPLICATE   DEFENDANTS,

DEFENDANT MANN RESPONDED BY pulling out a yellow tablet and stating with the photographer identifying "I took the pictures of PK TRUCKS"

54. Ace Washington revealing details of the beginnings of the boycott of PK Trucking. "PK SHOULD JUST MELT THEIR TRUCKS"

"I don't know what to write" REFUSED TO TAKE WHISTLEBLOWERS DIRECT EVIDENCE. Signed attorney agreement with JIMMIE POTTS but both defendants BOONE AND MANN continued to OBSTRUCT, CONFUSE delay the WHISTLEBLOWER FROM presenting their direct evidence to the Court.

55. ALL DURING the lead-up to plaintiffs settlement conference and trial scheduled for April 1999 Defendants BOONE/MANN OBSTRUCTED and PREVENTED WHISTLEBLOWERS CO-CONSPIRATORS CO-OP members from presenting their DIRECT, FIRSTHAND, INCONTROVERTIBLE EVIDENCE AGAINST DEFENDANTS ROGERS AND NAVARRO. DEFENDANT STEVE NAVARRO THREATENED THE LIFE OF ACE WASHINGTON. THE WHISTLEBLOWERS WERE LATER RETALIATED AGAINST.

56. All during this period and up to now the defendants continue to profit and prosper from their wrongdoing and FRAUD ON THE COURT. And plaintiff and their victims have lost everything.

## PLAINTIFF WAS AN INNOCENT VICTIM AND
## ENTITLED TO RELIEF

57. While Plaintiffs claims were in the Court of Appeals.(Appeals Court ruled in plaintiffs favor 11/1/98.)instructed BOONE/MANN how to comply with order

### DEFENDANTS ATTORNEYS FRAUD WAS SO EXTREME IT HAD THE SAME EFFECT AS FRAUD WHERE A DEFENDANT ISN'T NOTIFIED: BECAUSE WE WERE NOT ALLOWED TO PARTICIPATE IN THE PROCESS FAIRLY

58. In February 1998 CO-OP members rebelled and filed complaints with the HRC against STEVE NAVARRO RALPH ROGERS and the JOINT ASSOCIATION OF S&S TRUCKING AND ROGERS TRUCKING for MONOPOLIZING the trucking. There was a dispute over the hauling for the BART to SFO a project worth $26 million.

59.In 1998 Lavaughan Moore visited Plaintiffs attorney offices at 2 Embarcadero and verified plaintiffs claims of a GROUP BOYCOTT by the CO-OP. MOORE also revealed that the CO-OP was actually a SHAM and was used by ROGERS and NAVARRO to continue ROGERS MONOPOLY and racketeering operations.

## GRAVE MISCARRIAGE OF JUSTICE

60. This INDEPENDENT ACTION also meets the GRAVE MISCARRIAGE OF JUSTICE STANDARD because plaintiff is without fault and according to WHISTLEBLOWERS co-conspirators members of the CO-OP is PLAINTIFF IS A <u>TOTALLY INNOCENT VICTIM</u> TARGETED BY THE CO-OP.

61. Ater the Co-Conspirators CO-OP members came forward with the truth the leaders of the CO-OP defendant RALPH ROGERS and DEFENDANT STEVE NAVARRO the JOINT ASSOCIATION OF S&S TRUCKING and ROGERS TRUCKING devised a plan TO DEFRAUD THE COURT.

62. To deny that DEFENDANT Steve Navarro and defendant ROGERS had nothing to do with the CO-OP. That there was a CO-OP but that a man named KEVIN LAWSON was the President and had always been the President.

### JERROLD TAYLOR 6-23-99 DEPOSITION
### PAGE 34 LINE 23-24

63. Plaintiff as a result of the BOYCOTT by the CO-OP and the FRAUD ON THE COURT by the attorneys' and the CO-OP leaders have lost everything. Suffered emotional distress with immense pain and sorrow. This happened at a time when plaintiff and FAMILY was not allowed to grieve properly. Plaintiff seeks equity consideration from the Court.

## PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW

64. Attorneys named herein DECEIVED and failed to notify the Court of the criminal violations-obstruction of justice. Keeping CO-CONSPIRATORS/WHISTLEBLOWERS away from the Court by ignoring them and each of them failed to notify the Court of the FRAUD ON THE COURT or the Civil Rights violations against plaintiff and the CO-OP con-conspirators who became whistleblowers.

### EXTRAORDINARY DETRIMENTAL ACTS OF ATTORNEYS ACTING IN CONCERT TOWARD THE COURT

### UNUSUAL AND SPECIAL CIRCUMSTANCES

65. Defendant attorneys and each of them conspired and joined forces to block the meritorious claims of plaintiff, violating court orders and betraying and violating 14th amendment due process laws mis-leading plaintiffs.

66. Keeping the co-conspirators who became whistleblowers away from the Courts. Threatening the life of one whistleblowers witness(Ace Washington)who were also injured. Threatened and oppressed for seeking Justice thru the Courts.

**67.THE SHEER NUMBERS OF ATTORNEYS** All Confederated and joined the conspiracy that committed EXTRINSIC FRAUD ON THE COURT. And defendant WILSON/DANIELS working with the HUD reps.

Helen Mohr, Joan Hall and Chuck Hauptman violated plaintiffs 14th Amendment Rights of Due Process and 42 USC 1983.

69. BY making representations to the Court that they knew were false. Fabricating documents, Altering documents, Misleading the Court and concealing from the Court DIRECT EVIDENCE testimony of CO-CONSPIRATORS/WHISTLEBLOWERS that would have created an OPEN AND SHUT case for plaintiff.

70. NOTE: the CO-OP was organized by defendant ROGERS and defendant NAVARRO ostensibly to share work on a ROTATIONAL BASIS with LOCAL TRUCKERS.

71. But the CO-OP was actually created by defendant ROGERS AND STEVE NAVARRO to seek immunity from prosecution and lawsuits like the action filed by plaintiffs. According to the CO-CONSPIRATORS turned WHISTLEBLOWERS they found out the CO-OP was nothing but a SHAM.

**72.CO-OP FICTITIOUS BUSINESS LICENSE 181799**

Steve Navarro, Bernistine Beasley and LaVaughan
Moore

OFFICIAL NEWSPAPER OF THE BAY AREA TRUCKERS AND
CONTRACTORS     FICTITIOUS     LICENSE     175450     Ace
Washington and Steve Navarro


73. The OBSTRUCTION OF DEFENDANTS BOONE/MANN
    BOONE REFUSED TO DO DISCOVERY accommodated
defendants attorney by refusing to do discovery send
out interrogatories-nothing was ever known about
defendants. FIling PK complaint January 1997 and a
request production of documents March 1997 NEVER
COMPLETED
also Refused to amend PK complaint in accordance with
Court Orders.
Never sought INJUNCTIVE RELIEF

74.pril 1998 Taking on the representation of both
the PLAINTIFF PK and DEFENDANT CO-OP member
LAVAUGHAN MOORE AND FRAUDULENTLY filing a complaint
in CO-OP member Lavaughan Moore's name with
IDENTICAL CLAIMS as PK.

75. Fraudulently altering 1/21/99 Lavaughan Moores
requested substitution of attorney form by
intentionally signing (John Boone) name in line
intended to client.

Failing to turn substitution of attorney 1/21/99
concealing the substitution from the COURT and
Lavaughan Moore.   .

   WHEN MOORE FOUND OUT IT HAD NOT BEEN TURNED IN
   SHE RETURNED AND BOONE DREW A LINE ON HER NAME
   AND SIGNED IT-BUT AGAIN NEVER TO TURNED IT IN

76. Continuing to prosecute LaVaughan Moore
 complaint after she dropped her case 1/21/99 to
 defraud the COURT and Plaintiff PK.

77. May 12, 1999 DEFENDANT JOHN BOONE AND MANN
filing a FRAUDULENT DECLARATION OF JOHN DOE
"In the course of interviewing potential witnesses,
I discovered that the true name of said defendant is
ROGERS"

78. Defendant BOONE/MANN mislead and DEFRAUDED THE
COURT and PREJUDICED plaintiff case by never served
ROGERS or notified the COURT OF THE CO-OP members
Lavaughan Moore, Jimmie Potts, Ace Washington or Al
Cain who came to his office with FIRST HAND
INCONTROVERTIBLE EVIDENCE
implicating Defendants ROGERS and Defendant NAVARRO.

79. Defendant LAWYERS threatened and later sued
WHISTLEBLOWERS in State Court later moved to Federal
Court. The firm that sued was the MBV Law firm
case # C 02-04561JSW.

80. As part of the conspiracy Defendant BOONE/MANN refused to follow court orders to amend plaintiffs complaint in accordance with the Court orders to amend 4 times even when they were aware of information from the Co-conspirators/whistleblowers Ace Washington, Lavaughan Moore, Jimmie Potts that would AFFIRM plaintiffs allegations.

note: JIMMIE POTTS had also signed an attorney client agreement with BOONE/MANN in February 1999 again to keep testimony away from the court. BOONE/.MANN never filed complaint.

Defendants only wanted the one MOORE complaint to DEFRAUD and MANIPULATE THE COURTS

81..OBSTRUCTION OF JUSTICE BY KEEPING CO-CONSPIRATORS (WHISTLEBLOWERS) LAVAUGHAN MOORE, ACE WASHINGTON AND JIMMIE POTTS AWAY FROM THE COURTS.

82. CONSPIRING WITH DEFENDANTS TO ATTACK A MANDATE FROM THE SUPREME COURT OF CALIFORNIA.

83. The MANDATE from the CALIFORNIA SUPREME COURT came down in November 1998. The Appeals Court finding criticized Defendant BOONE and Defendant MANN for A. repeatedly not following the Courts Orders to Amend the Complaint in accordance with the Court orders and not completing Cartwright Act

pleading and,

IN THE COURTS DISCUSSION:

84. The Justices criticized BOONE appealing from the trial courts order and not the judgment itself.

85. They also wondered that PK complaint contained THREE CAUSES OF ACTION and PK was only appealing  the antitrust action. And is not appealing the dismissal of the UNFAIR COMPETITION cause of action.

86. The JUSTICES stated That "PK could allege a GROUP BOYCOTT" "horizontal restraint" The Justices cited  several different types of restraints that defendant BOONE could have used without <u>DEFEATING PLAINTIFF</u>

<u>CLAIMS   by alleging Human Rights Commission or Government involvement.</u>

87. DEFENDANT BOONE had fraudulently inserted the allegation that the HUMAN RIGHTS or GOVERNMENTAL involvement  in the FRAUDULENT MOORE COMPLAINT and LATER IN PLAINTIFFS COMPLAINT  as part of the scheme   to use the NOERR PENNINGTON doctrine to defeat plaintiffs claims.

88.   Instructed Defendant BOONE (the antitrust expert) that 'PK can allege a GROUP BOYCOTT.

89.   The APPEALS COURT stated that "we therefore conclude that P&K (PK) should be allowed one more opportunity to amend the complaint to attempt to cure the defect" Defendant BOONE/MANN after intentionally failing 4 times never intended to give plaintiff the "one more opportunity" allowed by the appeals court.

89. With the overwhelming evidence against defendants CO-OP members CO-OP President Steve Navarro and it's organizer founder defendant Ralph Rogers defendants sought to hire attorneys who would fraudulently INFLUENCE, DEFILE and ATTACK and destroy the courts impartiality.

90.   NOVEMBER 1998   To directly block PK claims, DEFENDANTS ATTORNEY BOONE AND MANN first failed to TIMELY respond to the APPEALS COURT MANDATE 30 days from November 1998. plaintiff/appellant was AWARDED COST.

91.  December/January 1999 failed to amend

complaint again twice in violation of APPEALS
COURT

ORDER <u>directing and pinpointing the</u>
    <u>COMPLAINTS defeciencies.</u>


92. <u>**FEBRUARY 1999**</u> Defendant BOONE AND DEFENDANT

MANN violated the BAR RULES on <u>MANDATORY</u>

<u>SETTLEMENT</u> PROCEDURES.   Refusing to attend or pay

the filing

fee for the <u>settlement scheduled April 5, 1999.</u>

93. <u>**FEBRUARY 1999**</u>  ATTORNEY DEFENDANT BOONE


MANN FRAUDULENTLY REFUSING TO INFORM THE COURT

<u>**THE INFORMATION THAT COULD SETTLE THE**</u>

<u>**CASE**</u>

94.  Lavaughan Moore, Ace Washington and Jimmie

Potts had come to the offices of BOONE/MANN and

admitted DEFENDANT CO-OP, ROGERS and NAVARRO

participation and conspiracy to BOYCOTT and

destroy PK TRUCKING and Defendant ROGERS and

NAVARRO threats against the legal and

administrative agencies and his intent to go

after the legal system.

95. Defendants hired a new law firm defendant EDWIN WILSON and ALISON DANIELS to DEFRAUD THE COURT by creating a LAW AND MOTION DUMP of plaintiff complaint and strip plaintiff of the chance for recovery.

1. KEEP WHISTLEBLOWERS MOORE, WASHINGTON, POTTS AND AL CAIN AWAY FROM THE COURTS.

2. CONSOLIDATE PLAINTIFFS CASE MARCH 25, 1999 WITH DEFENDANT CO-OP MEMBER LAVAUGHAN MOORE FALSELY CLAIMING FALSELY THAT ALL PARTY AGREED TO THE CONSOLIDATION.

96. Why would plaintiff ever agree to a consolidation with defendant CO-OP member MOORE? when my case was scheduled for settlement conference 4/5/99 and trial and my trucks had been towed and I was grieving the Death of my Brother and partner in PK Dwight Kinnard had all of us believing in defendant BOONE.

97. Not paying fees and refusing to appear at the April 5, 1999 MANDATORY SETTLEMENT CONFERENCE. Defendant without plaintiffs knowledge agreed to continue trail and settlement conference even though

they had all the witnesses necessary to prove
defendants S&S and ROGERS liability.

98.  Though defendant DANIELS claims it was a
complex antitrust seeking to cancel plaintiffs
trial, once the scheme was complete defendant filed
for motion for judgment on the pleadings in 60 days.

## THE ASSAULT ON THE APPEALS COURT MANDATE by defendant DANIELS ON APRIL 27, 1999 TRANSCRIPT

PAGE 2 LN 20 Hon Judge Quidachay

"the parties have agreed in the stip that
claims alleged substantially the same facts and
questions of law"

THE COURT:  So this is my question if you
have the same similar facts and the COURT OF APPEAL
UPHELD the PARTICULAR COMPLAINT(THE PK COMPLAINT)
"hey go forward to trial"

DEFENDANT ALISON DANIELS: But LORD PENNINGTON
WAS NOT MENTIONED" "IT WAS RAISED IN PETITION TO THE
SUPREME COURT BUT THERE IS NO -- YOU KNOW THEY JUST
DENIED IT".

82. Defendant DANIELS perjured herself FALSELY influencing the COURT to mislead the COURT to bring in the NOER PENNINGTON DOCTRINE which was never part of plaintiff lower court filings.

83. So if not for the FRAUDULENT MISLEADING presentation by at the April 27, 1999 Defendant DANIELS,

remember plaintiff had already won his appeal.

84. Plaintiff are unsophisticated layman in law and were misled by DEFENDANT BOONE/MANN in a conspiracy directed toward the COURTS machinery.

85. Act by DEFENDANTS BOONE/MANN and later BRISSON in the federal action were unconscionable with plaintiff in the middle of grieving his late BROTHER, MOTHER and NEPHEW.

86. There is just no way plaintiff would have agreed to consolidate his case, not try to settle at the scheduled settlement conference April 5, 1999 or move plaintiffs trial date. Defendants BOONE/MANN simply connived for plaintiffs defeat.

87. Defendants BOONE/MANN had no compassion and allowed plaintiff to be runover and FAMILY destroyed decades old business destroyed.

88. Defendants WILSON/DANIELS then embarked on an extraordinary attack on a COURTS MANDATE. The actions of defendants attacking mandate, keeping whistleblowers away from the Court FABRICATING a complaint in a defendants name (LaVaughan Moore) making them a plaintiff. Defendant sought to DECEIVE the Court and defendant the egregious action toward the Court.   Defendant DANIELS action also acted to affirm plaintiff claims.

## SEE ATTACHED APRIL 27, 1999

## TRANSCRIPT

## THE FEDERAL COURT ACTION

 DEFENDANTS ATTORNEYS' CONSPIRED WITH CLAUDIA BRISSON AND DISBARRED ATTORNEY BEN LUSK WORKING OUT OF THE OFFICES OF DEFENDANT FRANK DEBENEDETTO TO COMMIT FRAUD ON THE COURT.

 89. After plaintiff and whistleblowers filed in Federal Court C99-4565 MMC filed 10/13/99 and

C02-3213 MMC   defendants formulated another scheme
to defraud the Court.

**DEFENDANT CLAUDIA BRISSON**

90. In 2002 LaVaughan Moore was attempting to help
Al Cain and Jimmie Potts, who were being retaliated
against by ROGERS & S&S, with their claims. They had
been calling Defendant Claudia Brisson also.

91.   On October 13, 1999 plaintiff filed a case in
Federal District Court against defendants S&S and
ROGERS et,al.  Defendant CLAUDIA BRISSON aided
plaintiff in preparing the complaint.

92. Defendant CLAUDIA BRISSON even though we had
friendly relationship with plaintiff and partners
Dwight Kinnard and Bernett Porter over the years,
she made it clear at that time that she could not
represent PK in the complaint before the Court.

93. On April 5, 2002 plaintiff filed a motion to
amend complaint but failed to attach a copy of the
amendment to the motion.

94. Immediately after receiving order from the Court on April 30, 2002 plaintiff filed another motion to amend the complaint this time attaching the proposed amended complaint as required by Court rules and due to be heard on June 7, 2002 . docket 61

95.   The Courts May 18, 2002 Order stated that plaintiff had failed to attach the proposed amended complaint but had cured the deficiencies by filing a second motion with the proposed amendment attached. The Court also stated that plaintiff amendment sought the same relief.

96.   The amendment was an in depth investigation and covered all causes of action except - we wanted to amend again soon to add the CO-OP, who were essential part of the racketeering operation and  behind the boycotts the threats and retaliation of African American truckers and because that too had never been adjudicated.

97. Causes action were: Breach of Contact, fraud & deceit,violations of 42 U.S.C. 1985 & 1983, UNRUH ACT Unfair Trade, False Claims Act, RICO, INJUNCTIVE RELIEF, S.F. False Claims Act, COLLUSION in CONTRACTING, Breach of Statutory Duty, 4101-407, Fair Housing, Sherman Act, Cartwright Act, JUDICIAL NOTICE Witness Declarations.

98. It was especially difficult for me to do the work, but I got help from some law students. Plaintiff was now suffering from severe depression.

99. Plaintiff was under extreme pressure, my MOTHER was suffering from Cancer and plaintiff had to go over to my MOTHERS' house every morning(she was so weak) to help with her meals and the recent death of plaintiffs nephew who use to dispatch for the company.

**IT WAS EXTREMELY PAINFUL WHEN I VISITED MY MOTHER**

She would say

"son you got to stop losing everything".

She would die a couple months later

also on a November day like my Brother Dwight

Kinnard around Thanksgiving

100. As I stated this was compounded by my still grieving for my brother Dwight Kinnard who died in November 1998. But <u>plaintiff would finally have a complaint that fully plead all the injuries defendants had caused plaintiff and the company.</u>

101. During the week after plaintiff filed the amended complaint.  Defendant BRISSON out of the blue began calling plaintiff. Our first conversation read like this:

brisson: "why do you want to keep this going"

plaintiff: "hey are willing to take my case we'll go out and get you all the help we can find"  <u>brisson:</u>

"no I told you before I'm a single mom "

　　　"but if you would withdraw the amended

complaint

　　　I could get you money to get your trucks out of

　　　　the City Tow storage yard"

plaintiff: "no I have no intentions ever of

　　dropping my complaint thinking the devastating

　　　harm they caused, the loss of my

　　　trucks, death in the Family unpaid funeral bills

　　　　my Family

　　　　brisson: "if you withdraw the complaint I can

　　get your trucks out"

　　　　Plaintiff: how could she get 25k to get the

　　　　trucks out-license them and garage them

　　　　in a yard to avoid future towing?.

　　　　Besides Defendants BOYCOTT hadn't been lifted

　　　　102. Also the Family wondered and feared that

　　　　she might  be talking with defendants attorney.

1    and tell them how badly the Family was doing.

2    But our Family

3    discussed

4

5    the BRISSON proposal and we decided absolutely no

6    to  dropping our complaint.

7

8    103.   Then defendant BRISSON began calling

9    plaintiff incessantly, every ten minutes for

10   several days begging plaintiff to withdraw the

11

12   amended complaint.

13   104. During the first week in May 2002, defendants

14

15   began filing  with the District Court opposition to

16   plaintiff's motion to amend.

17   105. Defendant Wilson filed a motion for judgment

18

19   on the pleadings on May 8, 2002 <u>docket 65</u>  and an

20   Opposition to plaintiffs amendment on May 14, 2002

21

22    docket 69.

23    It seemed plaintiff without an attorney had

24   finally filed documents IN FRONT of defendants it

25   scheduled MOTIONS and would  be heard on June 7, 2002

26

27

28

106. Incessant calls from defendant BRISSON continued thru May 15, 2002.

107. May 18, 2002 SUDDENLY OUT OF THE BLUE BRISSON called and said that she would take the case. Plaintiff was elated and talked it over with the Family and the Council for Legal & Equitable Rights members and they agreed.

108. Plaintiff MOTHER was happy that we might be able to finally solve our problems and prosper again.

109. Plaintiff signed a substitution agreement with Defendant BRISSON and Craig Martin on May 18, 2002   Craig Martin was in trial in Superior Court.

110. The first warning that something might be wrong was when defendant BRISSON told us that she would only be representing plaintiffs on the FALSE CLAIMS matters only.

111. This was not part of the agreement plaintiff had made with defendant BRISSON when she suddenly said she would take our case.

112. On May 23, 2002 Defendant entered the

substitution on between docket no 75-76 it had no

number.

113. On May 22, 2002 docket 72 EX-PARTE

APPLICATION

before Judge Maxine Chesney to continue  matters

set for May 24, 2002 continued to July 18, 2002.

114. SIX DAYS later on May 29, 2002 docket 77

after substituting in on plaintiffs behalf

Defendant BRISSON ALTERED THE May 22, 2002 EX PARTE

APPLICATION by

adding in that Plaintiff was NOW WITHDRAWING his

MOTION TO AMEND. Something Defendant BRISSON had

been fraudulently trying to do for nearly 3 weeks.

115. The action of defendant BRISSON falsely

stating that plaintiff wanted to WITHDRAW his

amended complaint was a conspiracy between defendant

BRISSON, Defendant Wilson and Defendant Daniels.

116.  Defendant BRISSON FRAUDULENTLY withdrawing

the

amended complaint i.e. (plaintiffs case) left

plaintiff in the line for a BLOW TORCH of motions

filed by scores of defendants and due for response

by plaintiff who would soon be without an attorney

again.

117. Immediately after filing the FRAUDULENT

**ALTERATION**

against plaintiff Family wishes: Defendant BRISSON

told

the Family that she wanted to substitute out.

118. After Defendant BRISSON threatened

repeatedly to  defame plaintiff by telling Judge

Chesney that Plaintiff was suffering from Depression

plaintiff and the Family had no choice but to sign

the substitution.

119.  Defendant WILSON and DANIELS conspired

with defendant CLAUDIA BRISSON (BRISSON) to

represent falsely to the Court that she  BRISSON

would substitute in and represent plaintiff who was

without and attorney.

120. BRISSON representation to the COURT were

FALSE and known to be FALSE by defendant BRISSON-

BRISSON when she made them.

121.  Defendant BRISSON only intention was to

WITHDRAW plaintiffs amended complaint (his case)

RESIGN and place defendants MOTIONS in front of

plaintiffs and leave plaintiff without counsel to

face defendants who would have the advantage alone.

122. The FRAUD ON THE COURT by defendant BRISSON

calling plaintiff incessantly at a time when the

Family was attending to our Beloved Mother who was

dying.

123. By begging plaintiff for 2 weeks to drop his

case and by dishonestly intervening from outside of

the case to FALSELY influence the Court to deceive

the Court into thinking she would represent

plaintiffs before the Court when defendant BRISSON

had no intentions of honest service.

124. By not reporting to the Court her contacts

with defendant WILSON, DANIELS intentions to defraud

the COURTS by having defendant BRISSON intentions to

interfere with the COURTS and WITHDRAW AMENDED

COMPLAINT BY calling offering money to plaintiff to

retrieve his trucks from storage

are OBSTRUCTION OF JUSTICE and FRAUD ON THE COURT.

125. Defendant BRISSON had a duty to report to t

he improper contacts from defendants WILSON and

BRISSON.

 Defendants again rather than SETTLE when defendant

BRISSON wouldn't tell me where the money was coming

from

violated the RULES of PROFESSIONAL CONDUCT.

126. Defendants were able to rely on the

dishonesty of BRISSON to the detriment of plaintiffs

FAMILY who

would soon lose it's MOTHER and had already suffered

years of hurt and pain.

127. Defendants BRISSON, WILSON and DANIELS

actions were immoral and unconscionable and caused

PREJUDICED TO PLAINTIFF CASE.  It devastated the

Family who couldn't believe it happened and set

plaintiffs up for the next FRAUDULENT actions that

were directed at the Court.

## DISBARRED ATTORNEY BEN LUSK AND FRANK

## DEBENEDETTO

128. Exhausted and now looking for an attorney

again, plaintiff was at the Hastings Law Library in

June 2002 trying to get some law students to help

with the case.

### DEFENDANT WILSON/DANIELS CONTINUE

### TO DEFRAUD THE COURT

NOTE: 129. One month later after defendant

BRISSON subbed out and Craig Martin docket 83

Defendants WILSON and DANIELS used WILSON friend

LUSK to defraud the COURT AND PLAINTIF by

substituting and individual defendant FRANK

DEBENEDETTO (DETTO) with intentions to defraud the

COURT and plaintiff. docket 86

130. While standing in the aisle, plaintiff was approached by Defendant attorney Gary Timothy Lee (LEE). He told me he was a lawyer and a doctor and that was luxury because it helped him solve injury problems.

131. He told me that he knew a guy that would put me in touch with an attorney. His name was Ted Alves. Ted Alves gave me the name of Ben Lusk and stated that you have to call him, he won't call you.

132. Plaintiff met with defendant BEN LUSK (LUSK) at a chinese restaurant in north oakland. Defendant blow torch motions were now due and defendant LUSK took my papers and came back with documents he filed in response to defendant request for a more definite statement.

DHETTO stripped plaintiffs essential CAUSES OF ACTION docket 84.

133. Defendant wanted us to use attorney defendant FRANK DEBENEDETTO (DETTO) so LUSK presented plaintiff with a substitution form and plaintiff signed it.

134. When plaintiff received the form substitution back unbeknownst to plaintiff it had been FRAUDULENTLY backdated by defendant DETTO.

129 When plaintiff repeatedly asked defendant LUSK about meeting DETTO, LUSK would delay it. On one occasion LUSK called me and said DETTO wanted to meet me and that he was in trial at an Oakland Court house.

135.  Twenty minutes after plaintiff was in route to meet DETTO, LUSK called and said FRANK had to leave and he won't be there.

136. After not being able to meet DETTO, plaintiff demanded an attorney client agreement. DETTO used

the U.S. MAILS, by mailing me a copy of an attorney client agreement with another person name on it.

137. I sent a fax to defendant LUSK telling him about the form , it must be a mistake. Defendant LUSK said the form would still be valid if plaintiff crossed the other clients name off and inserted his own.

138. Defendants DETTO and LUSK defrauded the COURTS and plaintiff for a year, until plaintiff fired both defendants LUSK and DETTO. Plaintiff demanded that LUSK get a substitution from DETTO and file it.

139.  On June 6 2003  DETTO substituted out and filed with the COURT a FRAUDULENT DECLARATION swearing FRAUDULENTLY that he had conferred with plaintiff on two occasions and that it was extremely difficult due to plaintiff RAILING at his enemies. We never met or conferred.

140. The scheme worked in PREJUDICE TO PLAINTIFFS CASE and sabotaging plaintiffs filings with the Court and allowing defendant S&S and ROGERS to continue  to BOYCOTT plaintiff.

141. DISBARRED attorney BEN LUSK (a friend of defendant Edwin Wilson) and partner of defendant Frank Debenedetto to serveil and approach the CO-OP whistleblowers obtain an agreement to work on the Court filings and then make FALSE incomplete filings in their name sabotaging filings with misrepresentations to the COURT

142.  The fraud and conspiracy SCHEME was so well planned that Once Defendants LUSK/DEBENEDETTO defendants completed the SABOTAGE:

Defendants were able to manipulate the COURT THRU FRAUD by  FALSELY claims LUSK was our OWN CHOICE

1
2
3

## FIRST   CAUSE OF ACTION

4
5

EXTRINSIC FRAUD ON COURT MISREPRESENTATION BY

6

ATTORNEYS: ATTORNEYS HAD A DUTY TO THE COURT

7
8    143. Plaintiff repeat and reallege each and every
9    allegation in the paragraphs above.
10
11   144. Defendant action in the State Court case by
12   filing a FABRICATED complaint in the name of
13   Lavaughan MOORE 994396 in June 1998, with full
14
15   knowledge that MOORE was named by plaintiff as a
16   co-conspirator and was part of the CO-OP. A
17   SCHEME to prevent MS MOORE from appearing in the
18
19   PROPER CAPACITY dn the CO-OP from appearing and To
20   make FALSE representation to the Court mislead the
21   Court  prejudiced plaintiffs case and succeeded in
22
23   making it impossible for the Court to be impartial.
24   145. The filing of FABRICATED DOCUMENTS that
25   plaintiff and CO-OP co-conspirator wanted
26
27   consolidate their cases without notification to
28

plaintiff or co-conspirator LaVaughan Moore mislead

defiled the court,  prejudiced plaintiffs case and

succeeded in plaintiff never fully presented his

case to the Court. DEFENDANTS MAKING BELIEVE THAT

REAL NON CORRUPT LITIGATION WAS GOING ON

146. Defendants BOONE/MANN amending the

FABRICATED COMPLAINT and DEFENDANT WILSON AND

DANIELS responding to the FABRICATED COMPLAINT

constituted FRAUD ON THE COURT.

147.  In November 1998 to February 1999 the

willful act by Defendants BOONE/MANN of keeping

co-conspirators who became whistleblowers away from

the Courts.

148. AND failure to notify the Court of

whistleblower witnesses CO-OP members Lavaughan

Moore, Jimmie Potts, Ace Washington and non member

Al Cain who came to defendant BOONE/MANN offices on

2 Embarcadero and Oak Street in San Francisco.

149. Co-conspirators Lavaughan Moore, Jimmie Potts Ace Washington had evidence and incontrovertible first hand testimony knowledge of CO-OP meeting 2 Saturdays a month wherein defendants LEADER OF co-op S&S and ROGERS gave orders to BOYCOTT plaintiff company from 1993 forward.

150. Direct co-conspirator whistleblower admissible evidence 1998 AND 1999 that would have ended the BOYCOTT and plaintiff without a doubt prevail on his claims. This constituted concealment from the Court and lying to the Court.

IT IS CLEAR THAT CON-CONSPIRATOR WHISTLEBLOWER TESTIMONY IS ADMISSIBLE IN COURT AND THAT A JURY COULD ALSO INFER THAT WILFUL SUPPRESSION OF THAT EVIDENCE WOULD BE ADVERSE TO DEFENDANT

151. Failure to notify the Court that FRAUD ON THE COURT WAS OCCURRING and that DUE PROCESS and OBSTRUCTION OF JUSTICE and CIVIL RIGHTS VIOLATIONS were occurring.

152. Retaliation reported BOONE/MANN/DENBENETTO

AND LUSK that co-conspirators whistleblowers were

now in 1998 being retaliated against Lavaughan Moore

and ACE WASHINGTON LIVES WERE BEING THREATENED MS.

MOORE was being cheated out of money and DEFAMED.

153. DEFENDANT ALISON DANIELS attacking the

truthfulness of a COURT MANDATE 4/27/99 illegally

influencing the  COURT with FALSE INFORMATION.

154. Defendant HOLSINGER and KOSKELLA with full

 knowledge that Lavaughan Moore was a member of the

CO-OP and wanted drop her case on 1/21/99

continued along with Defendant WILSON/DANIELS

continued to prosecute the FABRICATED MOORE case.

155. The concerted effort CONSPIRACY of defendant

ATTORNEY BOONE/MANN HOLSINGER/KOSKELLA WILSON/DANIEL

in the filing of FABRICATED DOCUMENTS into the

SUPERIOR COURT RECORD and continuing to file

amendments State Court in February 1999, June 1999

and oppositions to the amendments of the FRAUDULENT

DOCUMENT and having the COURT rely on the FRAUDULENT
DOCUMENTS constituted EXTRINSIC FRAUD by OFFICERS OF
THE COURT WHO HAD A DUTY TO THE COURT AGAINST
MISREPRESENTATION AND CONCEALMENT.

156. As a result of the CONSPIRACY to DEFRAUD THE
STATE COURT and FEDERAL COURT in using the
fraudulent FABRICATED DOCUMENTS for JUDICIAL NOTICE
on JUNE 14, 2002 DEFENDANTS  and each of them have
committed EXTRINSIC FRAUD ON THE COURT and have lied
to the COURT, WILFULLY CONCEALED testimony by
co-conspirators who became whistleblowers
information that would have help the COURT settle
the case plaintiff who never had a chance to fully
exhibit his case to the COURT or be aided by the CO-
conspirator/whistleblower FIRST HAND DIRECT
admissible EVIDENCE request the COURT invoke it's
EQUITABLE POWERS and  OVERTURN the JUDGMENTS in
plaintiff case 97-984153 and ENTER
JUDGMENT AGAINST DEFENDANTS ATTORNEYS

DEFENDANTS WHO HAD A MANDATORY RESPONSIBILITY TO HONOR THE COURT.

157. As a result of defendant actions that caused plaintiff and his FAMILY years of immeasurable pain and suffering the loss of the nearly 100 year old business plaintiff request special damages in excess of 100 million dollars

IN THE FEDERAL CASE C99-4565MMC

158. DEFENDANTS EDWIN WILSON ALISON DANIELS, DISBARRED ATTORNEY and FRIEND OF EDWIN WILSON DEFENDANT FRANK DEBENEDETTO AND DEFENDANT CLAUDIA BRISSON conspired to hire a DISBARRED ATTORNEY BEN LUSK working out of the offices of FRANK DEBENEDETTO to make FALSE REPRESENTATIONS TO THE COURT IN AUG 2002 filing plaintiff amendments mentioned HEREIN that MISLEAD and DEFRAUDED THE COURT.

152. The documents filings were FALSE and did not represent the FACTS and CONCEALED from the COURT PLAINTIFFS MERITORIOUS CLAIMS.

153. DEFENDANT LUSK/DEBENEDETTO withdrawal of plaintiffs meritorious <u>causes of action</u> on Aug 9 were done for the benefit of DEFENDANTS WILSON and DANIELS for their clients who were engaged in boycotting and racketeering monopoly operations. This concealment in August 2002 DEFRAUDED THE COURT.

154. The backdating of a substitution of attorney form by DEFENDANT FRANK DEBENEDETTO hereinafter (DETTO) in August 2002 constituted fraud on the court and fraud against plaintiff.

155. The sending through the U.S. MAIL by DEFENDANT (DETTO) AND LUSK of an attorney client agreement to plaintiff that was in another clients name constituted MAIL FRAUD and DEFRAUDED THE COURT and PLAINTIFF.

155. The over the top mailing of a FRAUDULENT DOCUMENT wherein DEFENDANT (DETTO) had FRAUDULENTLY inserted plaintiff name on the lawyer client document that was already filled out in one of

his (DETTO) other clients name was unconscionable

as plaintiff and our Family were suffering with

Funeral Bills and no money. The scheme continued to

DEFRAUD THE COURT and was a desperate and greedy

attempt by defendants to stay on the PAYROLL of

defendant WILSON/DANIELS by sabotaging plaintiffs

claims.

## SECOND CAUSE OF ACTION

CONCEALMENT, MISREPRESENTATION 42 USC 1985 VIOLATIONS

156. Plaintiffs repeat and reallege each and

every allegation in the paragraphs above.

Defendant ATTORNEYS named herein with DUTY TO

THE COURT against FRAUD through the acts listed

above did conceal from the COURTS information

that could have easily settled the meritorious

case ended the boycott and gained plaintiff

relief for his Family.

157. Defendant attorneys' abused and DEFILED the

COURT processes by filing FABRICATED DOCUMENT

OBSTRUCTED JUSTICE 42 USC 1985, by refusing to take

the statements of witnesses  with admissible direct

evidence to PREVENT THE PARTY'S CO-OP members from

testifying so as to

> shield defendants S&S and  ROGERS from taking
>
> responsibility and accountability for their
>
> wrongs and  allow the defendants to continue the
>
> BOYCOTT of plaintiffs business and  to threaten
>
> the lives of and retaliate against coconspirators
>
> whistleblowers who came forward with FIRSTHAND
>
> admissible evidence.
>
> 158. As a result defendant ATTORNEY'S FRAUD ON
>
> THE COURT and OBSTRUCTION OF JUSTICE
>
> misrepresentation and preventing parties and
>
> witnesses from testifying before the Court
>
> Defendants ATTORNEYS have committed EXTRINSIC
>
> FRAUD on the COURT and preventing plaintiff from
>
> relief to save his business and life savings
>
> and caused immeasurable pain and suffering in
>
> plaintiffs Family from the FRAUD.

## THIRD CAUSE OF ACTION

# 42 USC 1983 AND FOURTEENTH AMENDMENT

# VIOLATIONS

159. Plaintiff repeat each and every allegation in

the paragraphs above.

160. DEFENDANT ATTORNEYS WILSON and DANIELS had a

conflict of interest also they were attorneys

representing the S.F. HOUSING AUTHORITY and The

Housing URBAN DEVELOPMENT department. In fact on

information and belief they were loaned over to

CONSPIRING DEFENDANTS to oppose plaintiff and CO-OP

whistleblowers in the STATE COURT and FEDERAL

ACTIONS.

161. DEFENDANTS had a reputation documented in

Citizens wrongful injury claims of refusing COURT

ORDERS and tying victims up in COURT for years.

162. Defendants attorney's Defendants WILSON and

DANIELS acting under COLOR OF STATE LAW joined a

Conspiracy with DEFENDANT ATTORNEYS BOONE/MANN

HOLSINGER/KOSKELLA to OBSTRUCT JUSTICE, PREVENT

 the COURTS through EXTRINSIC FRAUD from hearing

 from witnesses LAVAUGHAN MOORE, JIMMIE POTTS, ACE

WASHINGTON and AL CAIN with ADMISSIBLE DAMAGING

EVIDENCE from appearing before the court.

163. In doing the acts complained of here

DEFENDANTS ATTORNEYS denied plaintiff PLAINTIFF

and CO-OP whistleblowers their right to DUE

PROCESS and EQUAL PROTECTION under the FOURTEENTH

AMENDMENT and STATE LOCAL EQUAL PROTECTION LAWS

PREJUDICED plaintiff and WHISTLEBLOWERS cases

PREVENTED the SUBSTANTIAL RELIEF this HONORABLE

COURT would have ORDERED.

## LAWYER DEFENDANTS AIDED AND ABETTED

DEFENDANT ROGERS NAVARRO AND THE CO-OP

164. Plaintiff repeat and reallege each and every allegation in the paragraphs above.

165.                Defendants              Attorney BOONE/MANN/HOLSINGER/KOSKELLA/ WILSON/DANIELS/ELIZONDO/LUSK/DEBENEDETTO/BRISSON and other defendant attorneys succeeded through FRAUD ON THE COURT and OBSTRUCTION OF JUSTICE  PREVENTING co-conspirators and whistleblowers from appearing before the court with FIRSTHAND, INCRIMINATING TESTIMONY AND EVIDENCE against DEFENDANTS S&S TRUCKING, STEVE NAVARRO, ROGERS TRUCKING the JOINT ASSOCIATION OF S&S and ROGERS TRUCKING COMPANIES IN JOIN ASSOCIATION.

166.   That would forced the appearance of these defendants in the court and ENDED THE BOYCOTT, BLACKLISTING AND THREATS THAT HAS LASTED FOR YEARS and BROUGHT COURT RELIEF TO PLAINTIFF AND CO-CONSPIRATORS WHISTLEBLOWERS WHO CAME FORWARD IN THE INTEREST OF JUSTICE.

Feb 1998 co-op members file complaint against the joint association of S&S and Rogers (joint assoc)

<u>Feb 1998</u> joint association responds by threatening complainants

167. <u>Feb June 1998</u>  HRC verifies complaint and warns joint assoc against retaliating and refers complaint to Fed Gov.

<u>Feb-1998-</u> Joint Assoc does not respond or mount a defense concedes

March 1998 Def BOONE/MANN file bogus complaint 994396 with the State Court

Defendant attorneys would go on to illegally prosecute the fraudulent complaint in the State Court system for months

LAWYER DEFENDANTS

168. BOONE/MANN/HOLSINGER/KOSKELLA/WILSON/DANIELS/BRISSON/LEE/ AIDING AND ABETTING DEFENDANTS RALPH ROGERS AND STEVE NAVARRO IN CONTINUING <u>BLOCK PLAINTIFF PATH</u> TO THE COURT  FOR ADJUDICATION BY <u>DEFRAUDING THE COURT</u> AND TO OPPRESS AND BOYCOTT THE MINORITY'S WOULD BENEFIT FROM THE PROGRAMS UNDER THE CCSF 12B AND 12D ORDINANCE AND THE FEDERAL REGULATIONS AND CIVIL RIGHTS ACT OF 1964.

169. THE ATTORNEYS NAMED HEREIN AIDED AND ABETTED THE BOYCOTT OF PLAINTIFFS BUSINESS AND LATER RETALIATION AGAINST WHISTLEBLOWERS LAVAUGHAN MOORE, ACE WASHINGTON, JIMMIE POTTS AND AL CAIN. WITH FULL KNOWLEDGE OF THE HISTORY AND OF THE VERIFIED COMPLAINTS AGAINST THEIR CLIENTS.

Defendant ROGERS and NAVARRO knew they had

170. PLAINTIFFS ATTORNEY DEFENDANT BOONE DEFENDANT MANN LUSK

DEBENEDETTO(DETTO)BRISSON DEFENDANTS ATTORNEYS AIDED AND ABBETTED DEFENDANTS SHIELDING THEIR CLIENT DEFENDANT STEVE NAVARRO AND DEFENDANT ROGERS FROM THE JURISDICTION OF THE COURTS.

171. The DEFENDANT ATTORNEYS BOONE/MANN HOLSINGER/ KOSKELLA/WILSON/DANIELS/ BRISSON/ DEBENEDETTO(DETTO)LUSK as attorneys had a DUTY TO THE COURT against committing FRAUD. Because plaintiffs had no money due to the BOYCOTT and RETALIATION against WHISTLEBLOWERS DEFENDANT attorneys unbeknownst to the COURT CONTROLLED THE COURTS and DESTROYED AIDED AND ABBETTED DEFENDANT S&S and ROGERS and the JOINT ASSOCIATION OF S&S and ROGERS two companies in

JOINT ASSOCIATION to continue the inhumane oppression boycott blacklisting and retaliation.

172. In doing the acts listed herein DEFENDANTS and each of them have committed unconscionable acts of cruelty causing immeasurable pain and suffering and plaintiff is due special damages in the amount of 100 million dollars.

PRAYER:

1. Plaintiff this Honorable Court of Equity to overturn judgments against plaintiff in State and Federal Court.

2. Plaintiff request the Court of Equity to enter judgment against DEFENDANTS S&S ROGERS and DEFENDANTS ATTORNEYS HOLSINGER,KOSKELLA/WILSON and DANIELS and against Plaintiffs attorney's for EXTRINSIC FRAUD and other cause of action listed herein.

3. The Court enter judgment against defendants for INJUNCTIVE RELIEF.

4. The Court enter judgment against defendants for all CAUSES OF ACTION

5. The Court enter judgment against defendants for
   (a) General damages according to proof
   (b) special damages according to proof

(c)   Attorneys fees according to proof

(d)   Punitive damages in the amount of

200 million dollars

and such other relief as the court may deed just.

DATE: April 25, 2022     Respectfully Submitted

By

Kenneth Kinnard

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28