UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KINNARD,<br><br>Plaintiff,<br><br>v.<br><br>STEVE NAVARRO, et al.,<br><br>Defendants. | Case No.  22-cv-02534-JSW<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 11 |

On May 5, 2022, the Court granted Plaintiff Kenneth Kinnard's ("Plaintiff's") motion to proceed *in forma pauperis* and dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. section 1915(e) ("Section 1915") with leave to amend.  (Dkt. No. 4.)  Plaintiff filed an amended complaint.  For the following reasons, the Court DISMISSES Plaintiff's amended complaint, without leave to amend.

**BACKGROUND**

Plaintiff alleges that he is the owner of P&K Trucking, a family business started in Texas. (Dkt. No. 11, Am. Compl. ¶ 1, 34.)  Plaintiff alleges that numerous defendants conspired to ruin his business by committing fraud between 1996 and 2002.  Plaintiff's allegations of fraud arise from alleged misconduct by the defendants in four judicial proceedings, two in California state court and two in federal court.  Plaintiff seeks damages and to have the judgments in those actions overturned.

Plaintiff filed the original complaint in this action on April 26, 2022, and sought leave to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2).  On May 5, 2022, Magistrate Judge Kim granted Plaintiff's application to proceed *in forma pauperis* but ordered a hold on service of the complaint on the basis that the complaint failed to state a claim on which relief may be granted.  (Dkt. No. 4.)

1   The Court ordered Plaintiff to file an amended complaint addressing the deficiencies in the order
2   by no later than June 2, 2022.  On May 11, 2022, Plaintiff declined to consent to magistrate judge
3   jurisdiction, and the matter was reassigned to the undersigned.  (Dkt. Nos. 5, 7.)  The Court
4   granted Plaintiff's request to extend the deadline to amend to June 30, 2033.  (Dkt. No. 10.)  On
5   July 1, 2022, Plaintiff filed the amended complaint.

## ANALYSIS

As the Court noted in its prior order, a district court has an obligation to *sua sponte* dismiss an *in forma pauperis* action under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In its prior order dismissing Plaintiff's complaint, the Court advised Plaintiff of several defects in his complaint.  Plaintiff's amended complaint suffers from the same flaws as the original complaint.

First, Plaintiff still fails to allege the basis for this Court's subject matter jurisdiction. Plaintiff asserts the Court has federal question jurisdiction over his claims and refers to several federal statutes as the basis for this Court's jurisdiction.  (Am. Compl. ¶ 32.)  However, he still "does not specify what federal rights were violated, by whom, or what harm from those violations would be."  (Dkt. No. 4, Screening Order at 2:10-12.)  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation and quotations marks omitted).  Plaintiff's bare assertion fails to satisfy the well-pleaded complaint rule.[1]  Thus, despite the opportunity to amend, Plaintiff still does not demonstrate a basis for federal subject matter jurisdiction.

Additionally, Plaintiff's allegations again fall short of the pleading requirement of Rule

---

[1] To the extent Plaintiff intended to allege diversity jurisdiction, he fails to allege facts sufficient to meet the citizenship and amount in controversy requirement.  Plaintiff again does not allege the citizenship of the parties, and he has does not claim damages that exceed the jurisdictional minimum.

2

8(a)(2).  Plaintiff alleges that attorneys and parties to prior state and federal lawsuits committed fraud and conspired to commit fraud.  However, like the original complaint, the amended complaint lacks plausible factual support for these contentions.  Plaintiff's "labels and conclusions" of fraud and conspiracy are insufficient "to state a claim to relief that is plausible on its face."  *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Finally, in its prior Order, the Court explained that Plaintiff's claims appeared to be barred by the applicable statutes of limitation.  (*See* Screening Order at 3.)  However, Plaintiff's allegations are again limited to events occurring between 1996 and 2002.  Despite having the opportunity to amend, Plaintiff has not alleged any conduct that occurred after 2002.  Thus, Plaintiff's claims are untimely.

Although courts take a liberal approach to amendment, particularly in cases prosecuted by *pro se* litigants, leave to amend is properly denied where—as here—amendment would be futile.  *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1222 (S.D. Cal. 2012) ("Because [Plaintiff] could not plead any additional facts to cure the deficiencies in his pleadings and has already been given leave to amend, he should not be given further leave to amend his claims.").  Here, Plaintiff had already been granted leave to amend his claim but has not cured the deficiencies in his pleadings.  Moreover, he will be unable to cure the deficiencies because his claims are time-barred.  Thus, further amendment is futile.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's action WITHOUT LEAVE TO AMEND.  Plaintiff's motion to continue the case management conference is DENIED as moot.  A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 12, 2022

_____
JEFFREY S. WHITE
United States District Judge

3