1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH KINNARD,

Plaintiff,

v.

STEVE NAVARRO, et al.,

Defendants.

Case No.  22-cv-02534-JSW

**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT, REQUIRING AMENDED COMPLAINT, AND INSTRUCTIONS TO CLERK**

Re: Dkt. No. 15

Now before the Court for consideration is the motion for reconsideration of the Court's order dated July 12, 2022 filed by Plaintiff Kenneth Kinnard ("Plaintiff").  For the following reasons, the Court GRANTS Plaintiff's motion.  Plaintiff must file an amended complaint addressing the deficiencies in his complaint by no later than August 26, 2022.

**BACKGROUND**

Plaintiff filed the original complaint in this action on April 26, 2022, and sought leave to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2).  On May 5, 2022, Magistrate Judge Kim granted Plaintiff's application to proceed *in forma pauperis* but ordered a hold on service of the complaint on the basis that the complaint failed to state a claim on which relief may be granted.  (Dkt. No. 4.) Plaintiff was ordered to file an amended complaint addressing the deficiencies in his complaint by no later than June 2, 2022.  On May 11, 2022, Plaintiff declined to consent to magistrate judge jurisdiction, and the matter was reassigned to the undersigned.  (Dkt. Nos. 5, 7.)  Plaintiff requested an extension of time to file his amended complaint, which the Court granted.  (Dkt. No. 10.)  On July 1, 2022, Plaintiff filed an amended complaint.  The Court found that the amended complaint failed to correct the deficiencies identified in the earlier screening order.  (Dkt. No. 13.) The allegations in the amended complaint failed to establish subject matter jurisdiction, failed to

United States District Court
Northern District of California

1   state a claim for which relief could be granted, and the claims were time-barred.  (*Id.*)  As a result,

2   the Court found amendment would be futile, dismissed the action pursuant to 28 U.S.C. section

3   1915(e), and entered judgment.  (*Id.*; *see also* Dkt. No. 14.)

4       On July 22, 2022, Plaintiff filed a motion for reconsideration of the Court's July 12, 2022

5   order of dismissal.  (Dkt. No. 15.)  Plaintiff represents that he was unable to receive assistance

6   from "the pro se litigants team" prior to filing the amended complaint as he intended because he

7   became ill and spent a period of time in isolation without use of a computer.  (*Id.*)  Plaintiff asks

8   the Court to vacate the judgment "due to excusable neglect" and permit him an opportunity to

9   pursue this action "with help from the pro se litigants teams."  (*Id.*)

10                                          **ANALYSIS**

11      A motion for relief from judgment under Federal Rule of Civil Procedure 60(b) needs to be

12   filed "within a reasonable time."  Plaintiff filed his motion less than two weeks after the case was

13   closed, which the Court concludes is a reasonable time.

14      Under Rule 60(b), a court may relieve a party from a final judgment for:

15          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
            discovered evidence that, with reasonable diligence, could not have
16          been discovered in time to move for a new trial under Rule 59(b);
            (3) fraud (whether previously called intrinsic or extrinsic),
17          misrepresentation, or misconduct by an opposing party; (4) the
            judgment is void; (5) the judgment has been satisfied, released, or
18          discharged; it is based on an earlier judgment that has been reversed
            or vacated; or applying it prospectively is no longer equitable; or (6)
19          any other reason that justifies relief.

20      Plaintiff moves to vacate the judgment due to "excusable neglect" pursuant to Rule

21   60(b)(1).  "Excusable neglect encompass[es] situations in which the failure to comply with a filing

22   deadline is attributable to negligence and includes omissions caused by carelessness."  *Lemoge v.*

23   *United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted).  Rule 60(b)(1)

24   motions are typically granted to provide relief from a default or other judgment based on a party's

25   total failure to prosecute their case.  *See, e.g., Brandt v. Am. Bankers Ins. Co. of Florida,* 653 F.3d

26   1108, 1110-12 (9th Cir. 2011) (default judgment); *Ahanchian,* 624 F.3d at 1262 (failure to file a

27   timely summary judgment opposition); *Pincay,* 389 F.3d at 859-60 (failure to file a timely notice

28   of appeal).  That is not the situation here.  The timeliness of Plaintiff's amended complaint did not

2

United States District Court
Northern District of California

1  factor into the Court's decision to dismiss the action.[1]  Thus, relief under Rule 60(b)(1) is not

2  appropriate here.

3          Although Plaintiff does not rely specifically on Rule 60(b)(6), that provision permits a

4  court to set aside judgment for "any other reason that justifies relief."  Rule 60(b)(6) "is used

5  sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

6  extraordinary circumstances prevented a party from taking timely action to prevent or correct an

7  erroneous judgment."  *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)

8  (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005).  Here, Plaintiff

9  contends that he was ill, in isolation, and unable to access a computer during the time he planned

10  to prepare his amended complaint.  The Court concludes that this qualifies under Rule 60(b)(6)

11  particularly given his status as a *pro se* litigant.

12          In its order of dismissal dated July 12, 2022, the Court concluded that Plaintiff would not

13  be able to cure the defects identified in the Order.  Therefore, it determined it would be futile to

14  grant him leave to amend.  This conclusion was based on the fact that Plaintiff failed to establish

15  the Court's subject matter jurisdiction, failed to state a claim, and failed to show that his claims

16  were not time-barred.

17          In his motion for relief, Plaintiff has not provided any additional information as to how he

18  could cure these defects through amendment, and the Court has grave doubts about his ability to

19  do so.  However, in light of the Ninth Circuit's admonition that *pro se* litigants should be granted

20  leave to amend, the Court will vacate the judgment and permit Plaintiff a final opportunity to

21  amend his complaint to cure the defects in his pleading.  Plaintiff's second amended complaint is

22  due no later than August 26, 2022.  If Plaintiff's amended complaint again fails to correct the

23  deficiencies in his pleading, the Court will dismiss the case under Section 1915(e)(2).

**CONCLUSION**

25          For the foregoing reasons, the Court GRANTS Plaintiff's motion.  The Clerk shall re-open

26

27  ---

[1] The Court received Plaintiff's amended complaint on July 1, 2022, one day after the June 30,
28  2022 deadline.  However, the Court did not consider the timeliness of Plaintiff's amended
complaint in concluding the complaint was subject to dismissal.

1    this file.  Plaintiff shall file his amended complaint by no later than August 26, 2022.  The Court

2    advises Plaintiff that he may wish to seek assistance from the Pro Se Help Desk.  Lawyers at the

3    Pro Se Help Desk can provide basic assistance to parties representing themselves but cannot

4    provide legal representation.  Plaintiff may contact the Help Desk at 415-782-8982 to schedule a

5    telephonic appointment.

6        **IT IS SO ORDERED.**

7    Dated: July 27, 2022

8    _____
     JEFFREY S. WHITE
9    United States District Judge

United States District Court
Northern District of California