UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KINNARD,<br><br>Plaintiff,<br><br>v.<br><br>STEVE NAVARRO, et al.,<br><br>Defendants. | Case No. 22-cv-02534-JSW<br><br>**ORDER OF DISMISSAL** |

On July 27, 2022, the Court granted Plaintiff's motion for reconsideration and granted Plaintiff leave to file an amended complaint. The Court informed Plaintiff that failure to correct the deficiencies in his pleadings would result in a dismissal of the case under 28 U.S.C. section 1915(e) ("Section 1915"). (*Id.*) Plaintiff filed the second amended complaint ("SAC") on August 31, 2022. For the reasons set forth below, the Court finds the SAC fails to state a claim and DISMISSES the case pursuant to Section 1915(e).

**BACKGROUND**

Plaintiff filed the original complaint in this action on April 26, 2022. (Dkt. No. 1.) On May 5, 2022, Magistrate Judge Kim granted Plaintiff's motion to proceed *in forma pauperis* and dismissed his complaint for failure to state a claim pursuant to Section 1915 with leave to amend. (Dkt. No. 4.) The case was subsequently reassigned to the undersigned, and Plaintiff filed an amended complaint on July 1, 2022. (Dkt. Nos. 7, 11.)

On July 12, 2022, the Court dismissed Plaintiff's action without leave to amend. (Dkt. No. 13.) The Court found that Plaintiff's amended complaint failed to cure the defects identified in Judge Kim's prior screening order, including that: (1) Plaintiff failed to allege the basis for the Court's subject matter jurisdiction; (2) Plaintiff's allegations fell short of Rule 8(a)(2)'s pleading

requirement; and (3) Plaintiff's claims appeared time barred. (*Id*.) The Court denied leave to amend because Plaintiff had already been given leave to amend and had failed to cure the deficiencies in his pleading. (*Id*.) The Court entered judgment the same day. (Dkt. No. 14.)

On July 22, 2022, Plaintiff filed a motion for reconsideration of the Court's order dismissing his case. (Dkt. No. 15.) Plaintiff represented that he was ill and was unable to access a computer or utilize help from the pro se litigant team in preparing his amended complaint. (*Id*.) The Court granted Plaintiff's motion for reconsideration, re-opened the case, and ordered Plaintiff to file a second amended complaint by August 26, 2022 that corrected the defects in his pleading. (Dkt. No. 16.) Plaintiff filed the second amended complaint ("SAC") on August 31, 2022.[1] (Dkt. No. 18.)

**ANALYSIS**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must include a "short and plain statement," Fed. R. Civ. P.8(a)(2), and "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal [under Rule 12(b)(6)] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). The Court has twice dismissed Plaintiff's complaint for failure to state a claim pursuant to Section 1915(e). Although Plaintiff has made changes to his complaint and has attempted to improve the organization of his complaint, the allegations of the SAC again fall short of this standard.

Plaintiff alleges that numerous attorneys and parties conspired to commit fraud on the court during three prior lawsuits. As a result of the fraud on the court, Plaintiff alleges that justice

---

[1] The Court received the SAC on August 31, 2022 after the deadline for submission passed. Plaintiff filed a letter with the Court explaining that a delivery error caused the late filing. The Court finds Plaintiff has shown good cause for the Court to consider the SAC despite its untimely filing.

2

1   was not done, and he suffered harm as a result.

2   "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not
3   whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of
4   the judicial process." *United States v. Sierra Pacific Indus., Inc.*, 862 F.3d, 1157, 1167-68
5   (citations and internal quotation marks omitted); *see also Levander v. Prober*, 180 F.3d 1114, 1119
6   (9th Cir. 1999), *as amended* (explaining that "[f]raud upon the court should ... embrace only that
7   species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by
8   officers of the court so that the judicial machinery cannot perform in the usual manner its impartial
9   task of adjudging cases that are presented for adjudication.") (citation and internal quotation marks
10  omitted). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or
11  members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will
12  constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of
13  facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the
14  court." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1134 (9th Cir. 2022) (quoting
15  *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (citations and alterations omitted).

16  Here, as with prior iterations of the complaint, the SAC fails to clearly establish Plaintiff's
17  entitlement to relief.  Although difficult to follow, Plaintiff appears to allege certain attorneys
18  misled the state court and the federal court by failing to amend the complaint to allege a specific
19  claim, misleading Plaintiff to withdraw a certain cause of action, failing to file appeals, and
20  misrepresenting Plaintiff's desire to withdraw an amended complaint.  Plaintiff's allegations are
21  conclusory, and none rise to the level of fraud on the court.

22  Plaintiff's remaining causes of action are similarly deficient.  Plaintiff uses labels of fraud
23  and conspiracy, but he does not assert facts in the pleadings that make his allegations plausible.
24  Indeed, he fails to allege the basic elements to establish his claim for conspiracy, which is a
25  prerequisite to several of his other causes of actions.  Furthermore, the SAC is often confusing and
26  hard to follow.  Plaintiff still fails to clearly allege what rights were violated, by whom, and on
27  what theory with sufficient detail to provide the defendants of fair notice of the wrongs allegedly
28  committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of

complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery).

Finally, as the Court previously explained, to the extent Plaintiff's claims have already been litigated in federal court, he is precluded from relitigating them. (Dkt. No. 4 at 3 (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). However, the SAC continues to pursue claims that appear barred by res judicata.

## CONCLUSION

For the foregoing reasons, the Court finds the SAC fails to state a claim pursuant to Section 1915(e). Plaintiff has twice been afforded leave to amend but has not corrected the deficiencies in his pleadings; thus, the Court concludes further leave to amend would be futile. The Court DISMISSES the action without leave to amend.

The Court DENIES AS MOOT Plaintiff's motion for an evidentiary hearing. (Dkt. No. 20.)

A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2022

_____
JEFFREY S. WHITE
United States District Judge