UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KINNARD,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE NAVARRO, et al.,<br><br>    Defendants. | Case No. 22-cv-02534-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO REOPEN CASE**<br><br>Re: Dkt. Nos. 23, 24 |

Now before the Court for consideration is the motion for reconsideration of the Court's order dismissing this action and the motion to reopen the case filed by Plaintiff Kenneth Kinnard ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the following reasons, the Court DENIES Plaintiff's motions.

On September 9, 2022, the Court dismissed this case without leave to amend pursuant to Section 1915(e) after finding that the second amended complaint failed to state a claim. (Dkt. No. 21.) On September 19, 2022, Plaintiff filed a motion for reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 59, and on October 11, 2022, he filed a motion to reopen the case. (Dkt. Nos. 23, 24.) On March 7, 2023, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (Dkt. No. 25.) On March 16, 2023, the Ninth Circuit ordered the appellate proceedings held in abeyance pending this Court's resolution of the pending motions. (Dkt. No. 29.)

Rule 59(e) provides the Court with "discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of facts and conclusions of law or make new findings and conclusions." *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000). Relief may be granted pursuant to Rule 59(e) where any of the following conditions are met: "(1)

the district court is presented with newly-discovered evidence; (2) there is an intervening change in controlling law; or (3) the district court committed clear error or made a decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff contends the Court fundamentally misapprehended his complaint. However, having carefully considered Plaintiff's motion, the Court is not persuaded there is a basis to reconsider its order dismissing the case. Plaintiff has not shown that the Court's dismissal of this case for failure to state a claim after affording Plaintiff several opportunities to plead his claims was a manifest injustice. Plaintiff has also not identified a change in controlling law or presented the Court with newly discovered evidence that would warrant reopening the case.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59 and DENIES Plaintiff's motion to reopen the case.

Finally, the Court DENIES AS MOOT Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 26.) The Court previously found Plaintiff qualified to proceed *in forma pauperis* and granted his application. (*See* Dkt. No. 4.)

**IT IS SO ORDERED.**

Dated: May 10, 2023

_____
JEFFREY S. WHITE
United States District Judge