UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KINNARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVE NAVARRO, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02534-JSW<br><br>**ORDER RESOLVING MOTIONS**<br>Re: Dkt. Nos. 32, 33, 35 |

On September 9, 2022, the Court dismissed this case without leave to amend pursuant to Section 1915(e) finding Plaintiff's second amended complaint failed to state a claim upon which relief could be granted. (Dkt. No. 21.) On September 19, 2022, Plaintiff filed a motion for reconsideration of the Court's order of dismissal pursuant to Federal Rule of Civil Procedure 59. (Dkt. No. 23.) On October 11, 2022, he filed a motion to reopen the case, again citing Rule 59. (Dkt. No. 24.) On March 7, 2023, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (Dkt. No. 25.) On March 16, 2023, the Ninth Circuit ordered the appellate proceedings held in abeyance pending the Court's resolution of those motions. (Dkt. No. 29.) On May 10, 2023, the Court denied the motion for reconsideration and the motion to reopen the case. (Dkt. No. 30.) On May 30, 2023, LaVaughan Moore, who was identified as a defendant in Kinnard's complaint, filed a document styled as an answer to the complaint and crossclaim. (Dkt. No. 31.) Moore also filed a motion to intervene. (Dkt. No. 32.) On June 9, 2023, Plaintiff filed a notice of appeal to the Ninth Circuit. (Dkt. No. 34.) That same day, Plaintiff filed a motion to hold the appeal in abeyance pending the Court's ruling on the pending motions. (Dkt. No. 35.)

**A.    Motion to Vacate.**

In his motion to vacate the Court's May 10, 2023 Order denying motion for

reconsideration and to reopen case, Plaintiff argues that he is entitled to relief under Rule 60(b)(2) based on new evidence. The Court has considered Plaintiff's arguments and concludes that Plaintiff has failed to demonstrate that he is entitled to relief pursuant to Rule 60(b)(2). Additionally, the Court has previously considered and rejected Plaintiff's arguments for relief from judgment, and it will not consider those arguments again. Plaintiff has not established he is entitled to extraordinary relief under Rule 60(b). Accordingly, Plaintiff's request for an order pursuant to Rule 60(b)(2) vacating the Court's May 10, 2023 Order is DENIED.

**B.     Motion to Intervene.**

Moore, who Kinnard named as a defendant in this action, filed a motion to intervene, in which she apparently seeks to intervene on the side of Plaintiff. (Dkt. No. 32.) Federal Rule of Civil Procedure 24 exists to provide nonparties with a means of intervening in an ongoing dispute. Here, Moore is already named as a defendant in this lawsuit and will have an opportunity to participate in this litigation should the Ninth Circuit determine that the Court's dismissal of the action for failure to state a claim pursuant to Section 1915 was improper, and reverse and remand for further proceedings. Moreover, to the extent Moore seeks to intervene at this stage to bolster Plaintiff's allegations, the Court denies the request because intervention "may not be utilized to revive a moribund lawsuit." *Cook v. Bates*, 92 F.R.D. 119, 122 (S.D.N.Y) (finding that the Court's *sua sponte* dismissal of the underlying action defeated the attempted intervention because "that procedural device cannot be used to breathe life into [the plaintiff's] lawsuit."). The Court DENIES Moore's motion to intervene.

Plaintiff also filed a motion to hold appeal in abeyance pending the Court's decision on the motion to intervene and motion to vacate the May 10, 2023 Order. (Dkt. No. 35.) Having resolved those motion, the Court DENIES AS MOOT the motion to hold appeal in abeyance.

**IT IS SO ORDERED.**

Dated: June 20, 2023

_____
JEFFREY S. WHITE
United States District Judge